UNITED STATES v. GREEN et al.

(District Court, E. D. Pennsylvania.   February 26, 1915.)

No. 28.

1. BANKRUPTCY ⬅495—OFFENSES AGAINST BANKRUPTCY LAWS—EVIDENCE.

On a trial for conspiracy to conceal the assets of a bankrupt, there was no statutory ground for excluding the schedules; the statute excluding admissions in pleadings having been repealed, and the excluding provision of the Bankruptcy Act being confined to testimony given by a bankrupt under examination.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 912; Dec. Dig. ⬅495.]

2. CRIMINAL LAW ⬅829—INSTRUCTIONS—REQUESTS.

The omission to formally and specifically affirm points presented by accused was not error, where they were in substance and fact affirmed by the charge as given.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. ⬅829.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. CRIMINAL LAW ☞560—EVIDENCE—DEGREE OF PROOF REQUIRED.

The evidence in a criminal case need not exclude the possibility of innocence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1266; Dec. Dig. ☞560.]

4. CRIMINAL LAW ☞745—QUESTIONS FOR JURY.

Where an inference of guilt may be fairly drawn, the evidence meets the test of legal sufficiency, and its credibility and weight must be determined by a jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1718; Dec. Dig. ☞745.]

5. BANKRUPTCY ☞495—OFFENSES AGAINST BANKRUPTCY LAWS—EVIDENCE.

On a trial for conspiracy to conceal a bankrupt's assets, where there was evidence. not only of the concealment, but of the joint participation of the defendants in the acts by which the fraud had been accomplished, the evidence supported a conviction, as evidence of aid in the commission of the offense, by assisting in the concealment of it and having in possession the fruits thereof, was evidence of a conspiracy to have the offense committed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 912; Dec. Dig. ☞495.]

Jacob Green and another were convicted of conspiracy to commit an offense, and they move for a new trial. Motion discharged.

Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa., for the United States.

Wm. T. Connor and John R. K. Scott, both of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. The defendants were indicted for a conspiracy to commit an offense against the laws of the United States. The offense to commit which they are charged to have conspired is that of fraudulent concealment by a bankrupt of his assets from his trustee in bankruptcy. The real question in the case is whether the offense was made out, or more particularly whether there was evidence upon which the jury were justified in finding a verdict of guilty.

The reasons for a new trial are nine in number and cover the usual wide range. The first four have been characterized as formal, in the sense that they appeal to the discretion of the trial judge. These may be disposed of with the observation that, if the evidence is sufficient in law to form the basis of a conviction, there is nothing in the case to call upon the court to nullify the declared judgment of the jury.

[1] The succeeding five reasons are directed to complaints of trial error. The seventh reason presents the only question we consider open to discussion. In form it complains of the answer to a point presented; but, as that point asked for binding instructions to the jury to render a verdict of acquittal, it brings up the real question in the case to which we have adverted. Other trial errors complained of include rulings upon the admission of evidence and instructions given to the jury or not given as prayed for in the points submitted. The exception taken to the admission of the schedules is disposed of by the case of Ensign v. Pennsylvania, 227 U. S. 592, 33 Sup. Ct. 321, 57

L. Ed. 658. The grounds of objection to this testimony are not given. The schedules would certainly be admissible under the general rules of evidence. If inadmissible, the objection must be based upon some excluding statute or exception to the general rule. The statute excluding admissions in pleading having been repealed, and the excluding provision of the Bankruptcy Act being confined to testimony given by a bankrupt under examination, no statutory ground of exclusion now exists. Our attention has not been called to any other ground of exclusion, and we are therefore unconvinced of error in the admission of this evidence.

[2-4] An exception to a refusal to charge as requested in the fourth and fifth points presented by the defendants would, we think, be well taken. There was no thought in the mind of the trial judge to do otherwise than affirm the proposition of law set forth in these points. It was the intention to affirm them, and we think this was done. The thought in mind was to affirm the points which were affirmed in the early part of the charge, and to reserve the answer to the fourth and fifth points as in more logical order of presentation at the close of the charge. The points were laid aside for this purpose, and were overlooked at the close of the charge. What the trial judge really had in mind in this part of the charge was not the written points as submitted, but the ruling of the court on the motion to strike out this testimony, when the intention was expressed to limit the effect of the testimony of each of the defendants as evidence against himself and not the other, unless the fact of the conspiracy had been made to appear, and the statements made were during and in pursuance of the conspiracy. The fact is the points as formal points were overlooked, and there was in consequence an omission to formally and specifically affirm them. They were none the less in substance and fact affirmed. This brings this branch of the case within the rule that, where the trial judge has in his charge instructed the jury upon the law embodied in requests for charge, he need not make specific answer to the points submitted. The seventh and eighth reasons present the real question involved. If there was evidence worthy of submission to the jury, we think the instructions given were correct. The shade of thought involved does not readily lend itself to compression within an absolutely accurate phrase of expression.

The argument of counsel for defendants goes almost to the length of the statement that the evidence must exclude the possibility of innocence. It does not, of course, go to this extent. The principle invoked must be accorded recognition as a principle of the administration of the criminal law. The real question is: What are its limitations? They can be best traced through any one of many trite and commonplace, because familiar, illustrations. The possession of stolen property is consistent with a theory of guilt. It does not forbid a theory of innocence. If the scale of judgment is on an equipoise, a statutory or other authoritative creation of prima facie evidence would incline it. Slight circumstances may themselves incline it. If an inference of guilt may be fairly drawn, the evidence meets the test of legal sufficiency, and its credibility and weight must be determined by a jury. The doctrine of presumption of innocence and that of rea-

sonable doubt present, when contrasted, the same distinction. If there is nothing from which the inference of guilt may be drawn, the legal insufficiency of the evidence to base a finding must be declared. There can be no compulsion of the mind in the entertainment of a reasonable doubt in fact.

The jury in the case at bar were instructed in effect that although the facts as established by the evidence were consistent with the theory of guilt, and the evidence as a whole by its preponderance led their minds to the inference of guilt, they might base an acquittal upon the mere fact of the existence consistently with the facts of a theory of possible innocence. They were also most emphatically told that if they did in fact entertain a doubt they must acquit. If the case was to be submitted to the jury at all, nothing more would have been said in relief of the defendants than was said. The complaint against the charge is therefore logically not a complaint against what was said, but of the omission to direct a verdict of not guilty. This brings us back to what has been several times characterized as the real, and really the only, question in the case. Should the jury have been given binding instructions?

[5] The weight of the argument for the defendants lies in this. There was ample evidence of the offense of a fraudulent concealment of assets by the bankrupt, but none that the defendants had concerted the commission of the offense. It is aside from anything necessary to a decision of the question presented, but it serves to give point to the thrust of the argument to make the comment which the defendants in effect do make that the United States charged the crime of conspiracy, and offered evidence only of the offense of the bankrupt to commit which the defendants are charged to have conspired. This is followed with the thought that because, for some reason, the United States chose to forego the framing of an indictment against the bankrupt for an offense which they might have proven is no reason for convicting these defendants of another offense of their guilty participation in which there is no evidence. The position of the United States is that the evidence supplies supporting ground for the inference of the existence of a guilty conspiracy between these defendants to fraudulently conceal the assets of the bankrupts, and that, the jury having found guilt beyond a reasonable doubt under adequate instructions from the court, the verdict should stand. If evidence of guilt was before the jury, their judgment of its weight should be accepted.

The submission of the case would seem to have the support of the decided cases. The sufficiency of evidence and its weight are at times so nearly allied as to become difficult of separation. We think the real question here to be radically different from that ruled in Commonwealth v. Byers, 45 Pa. Super. Ct. 38. There was in that case no proof of a crime, and none that the defendant was connected with it, if the commission of the crime was assumed. Here there was evidence, not only of the offense to be committed, but of the joint participation of the defendants in the acts by which the fraud has thus far been accomplished. Evidence of aid in the commission of an offense by assisting in the concealment of it and having in possession the fruits of it is evidence of a conspiracy to have the offense committed. Proof

of a verbal suggestion to commit it, or a verbal agreement to join in it, or a verbal acknowledgment of participation in it, is not indispensable. It is the policy of our law that the administration of the Criminal Code is the peculiar and special province of the jury. This is subject, of course, to the right of defendants, which every court should be alert and resolute to secure. If, as in Commonwealth v. Byers, supra, the evidence does not afford a basis for a fair and reasonable inference of guilt, the courts should so pronounce, and make their pronouncement effective. We do not feel moved to such action in this case.

The motion for a new trial is discharged, and the United States has leave to move for sentence.