## ANSTESS v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit.
November 23, 1927.

No. 3930.

1. **Conspiracy ⬅️47—Evidence held to sustain conviction for conspiracy to transport and sell liquor.**

Evidence *held* sufficient to sustain conviction for conspiracy to unlawfully transport and sell intoxicating liquor.

2. **Indictment and information ⬅️168—In prosecution for conspiracy to sell and transport liquor, evidence need not show conspiracy to both sell and transport.**

In prosecution for conspiracy to unlawfully sell and transport intoxicating liquor, evidence need not show a conspiracy to both sell and transport.

3. **Conspiracy ⬅️24—Proof of conspiracy between defendant and a person not named as a defendant will sustain conviction.**

In prosecution for conspiracy to unlawfully transport and sell intoxicating liquor, evidence showing conspiracy with a person not named as a defendant is sufficient to sustain conviction.

4. **Conspiracy ⬅️41—Person selling liquor with knowledge that it is to be transported actively participates in plan to transport, as affects liability of purchaser on charge of conspiracy.**

A person selling liquor with knowledge that purchaser intends to transport it to another city actively participates in his plan to transport, as affects question of purchaser's guilt in prosecution for conspiracy.

5. **Conspiracy ⬅️47—Natural and reasonable inference from facts and circumstances is sufficient to sustain conviction for conspiracy.**

Conspiracy is rarely proved by direct evidence, but usually by facts and circumstances from which its existence is inferred, and, if inference is natural and reasonable, it is sufficient to sustain conviction.

In Error to the District Court of the United States for the District of Indiana.

Wallace Anstess was convicted of conspiracy to unlawfully transport and sell intoxicating liquor, and he brings error. Affirmed.

Floyd J. Mattice, of Indianapolis, Ind., for plaintiff in error.

Albert Ward, of Indianapolis, Ind., for the United States.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Plaintiff in error was found guilty upon an indictment charging him and one Raymond Johnston and other persons whose names were unknown with conspiring to unlawfully transport and sell intoxicating liquor. Johnston was acquitted.

[1] It is insisted that there is no evidence to support the verdict of guilty against plaintiff in error, and this is the only question presented. It is conceded that he is guilty of transporting liquor, but it is contended that the evidence does not establish that he conspired with any other person to transport it.

[2, 3] To sustain the verdict, it is not necessary that the evidence show a conspiracy

to both transport and sell. It is sufficient if it shows a conspiracy to either transport or sell. And, further, if the evidence warrants a finding that plaintiff in error conspired with a person not named as a defendant, it is sufficient.

The evidence shows that the intoxicating liquor hereinafter mentioned was transported from Detroit to Indianapolis, but was seized in the hands of the carrier before delivery to consignee. Plaintiff in error introduced no evidence in his defense, but there was introduced in evidence against him by the government the following written statement:

"State of Indiana, County of Marion—ss.

Wallace Anstess, R. R., Indianapolis, Indiana, Box 441, being first duly sworn upon his oath, deposes and says: That on or about February 1, 1927, he arranged with one Abe Muskovitch, of Detroit, Michigan, to purchase a quantity of whisky. Abe Muskovitch stays in a saloon on Grand River avenue, between Fourth and Fifth street, Detroit, Michigan. That he purchased from Abe Muskovitch one hundred cases of Old Log Cabin and Scotch whisky, paying him seventy dollars ($70.00) per case for the whisky; also purchasing three hundred fifty (350) gallons of grain alcohol, paying eight dollars ($8.00) per gallon; that he paid seven thousand dollars ($7,000) in cash and three thousand dollars ($3,000) in check. That he arranged with a man named Charlie and one named Gene, who operate the Champion Auto Top Shop, 916 Scioto street, Indianapolis, Indiana, to store this whisky and that he was to pay them half of the rent on the building in which this shop is located. That on February 5, 1927, he delivered a bill of lading to Raymond Johnston, manager of the Merchants' Trucking Company, 22 W. Henry street, Indianapolis, Indiana, for shipment of four barrels marked 'household goods,' four boxes marked 'books,' one piano boxed, and three boxes of household goods; that these boxes and shipment contained the whisky purchased from Abe Muskovitch, as above stated.

" [Signed] Wallace E. Anstess.

"Subscribed and sworn to before me this 7th day of February, 1927.

" [Signed] George L. Winkler,

"Dep. Prob. Admin."

From this it appears that plaintiff in error "arranged" with one Abe Muskovitch, of Detroit, to purchase a quantity of whisky, and that he did purchase from Muskovitch the large amount in the instrument recited, paying therefor $10,000. The ques-

tion is whether or not Muskovitch actively participated in the plan of Anstess to transport or sell this liquor. The statement says that Muskovitch "stays in a saloon on Grand River avenue, between Fourth and Fifth street, Detroit, Michigan"; that is, he was engaged in the liquor business at that place. He knew what such liquor in such quantity was usually bought for. It is quite plain that he did not sell it in order that plaintiff in error might himself consume it, and it is even more plain that he did not sell it for consumption at the place where it then was. The fair inference is that Muskovitch knew that plaintiff in error intended to transport the liquor from that place; that he knew that it was the plan on the part of plaintiff in error to remove— that is, to transport—it.

[4] This being the fair inference from the facts, the question is whether or not he, by making the sale with knowledge of Anstess' purpose, actively participated in his plan to transport. If one, having possession of contraband goods, knowing that another desires to purchase those goods for the purpose of unlawfully transporting them, sells them to that person, he furnishes him the means for committing the crime. One who, with full knowledge of the purpose with which contraband goods are to be used, furnishes those goods to another to so use them, actively participates in the scheme or plan to so use them. The sale shown by Anstess' written statement was sufficient to warrant the jury in finding that Muskovitch joined with Anstess in his plan to transport; that is, it shows such conscious participation in Anstess' unlawful scheme as made him, Muskovitch, a party to it. "If an inference of guilt may be fairly drawn, the evidence meets the test of legal sufficiency." United States v. Green (D. C.) 220 F. 973, 975; Robilio v. U. S. (C. C. A.) 259 F. 102.

It will also be observed that in the signed statement of Anstess, above set forth, he said "that he arranged with a man named Charlie and one named Gene, who operate the Champion Auto Top Shop, 916 Scioto street, Indianapolis, Indiana, to store this whisky, and that he was to pay them half of the rent on the building in which this shop is located"; that is to say, he made an arrangement—came to an understanding— with these men, whose first names only are known, that they would store this whisky, bought in Detroit, in their shop at Indianapolis. The transportation of the whisky would only end with its storage in their shop, and to store it *in* the shop it would be

necessary to transport it *to* the shop. To arrange and agree with Anstess that they would store whisky which had to be transported to their place of storage in order to be stored there was to actively participate in the plan to transport it.

Muskovitch, with knowledge of Anstess' purpose to transport, agreed to and did furnish that which made the transportation possible, and Charlie and Gene agreed to do that which would bring the transportation to a successful end—to store the liquor upon arrival.

[5] It is well understood that a conspiracy is rarely proved by direct evidence; that it is usually established by proof of facts and circumstances from which its existence is inferred. If the inference is a natural and reasonable one, it is sufficient support for the finding of a conspiracy. Jelke v. United States (C. C. A.) 255 F. 264, 280; Applebaum v. United States (C. C. A.) 274 F. 43, 46.

Affirmed.