## DIDENTI v. UNITED STATES.
### No. 6175.

Circuit Court of Appeals, Ninth Circuit.
Oct. 13, 1930.

T. D. Page, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., of Seattle, Wash., and Joseph A. Mallery, Asst. U. S. Atty., of Tacoma, Wash.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

WEBSTER, District Judge.

Appellant Didenti, John Huggler, and Jack Esara were charged by indictment with conspiring together, and "with sundry and divers other persons to the grand jurors unknown," to violate the National Prohibition Act, by manufacturing, possessing, transporting, and selling intoxicating liquor. Six separate overt acts are alleged, in the commission of all of which it is charged the appellant participated. Upon trial the jury acquitted Huggler and Esara, but convicted Didenti, who brings the case here for review, assigning as error the refusal of the trial court to grant his motions for a directed verdict of acquittal and in arrest of judgment. While counsel for appellant in his brief asserts that his challenge to the evidence at the close of the government's case in chief was renewed at the conclusion of all of the testimony, the defendants having offered evidence in their own behalf, the record discloses that in this he is in error, and that no such renewal of the motion was made. At the time of oral argument his attention was called to the state of the record, and he frankly acknowledged his mistake. The motion for a directed verdict made at the close of the government's case in chief, not having been renewed at the conclusion of all the testimony, by repeated decisions of this court, was waived, and its denial cannot now be assigned as error. The remaining assignment raises the question whether the court below erred in denying appellant's motion in arrest of judgment, on the ground that appellant's codefendants Huggler and Esara having been acquitted by the jury, he was automatically acquitted, since at least two parties are essential to the crime of conspiracy.

An examination of the record discloses that there was substantial evidence before the jury in support of the following facts: On the 2d day of August, 1929, at about 10 o'clock p. m., three federal prohibition officers went to the home of Huggler, in the city of Tacoma, to execute a search warrant. Upon entering the premises the odor of fermenting mash was detected, and upon examination a still was found in a chicken house, but was not in operation at the time. Very soon Huggler and Esara entered the still house and, after remaining inside for about ten minutes started to come out the door, when they were placed under arrest. About 11:15 o'clock p. m. a Chrysler sedan drove into the premises, passing the residence, but stopping at the chicken house in which the still was located. On stopping the car its lights were turned out. Immediately Didenti was arrested, as the driver of the automobile, in which were found 400 pounds of cellu-

lose sugar, 400 pounds of Argo corn sugar, 50 pounds of yeast, and 3 ten-gallon kegs. On the same day, at about 8 o'clock in the evening, a prohibition officer saw appellant and talked with him. At that time appellant had in an automobile the articles found in his possession at the still, but eluded the officer, who attempted to follow him. Later the officer saw appellant driving a different car from the one he had been driving earlier in the evening. Esara testified that about July 29, 1929, a few days before his arrest, one Guarrazi made a proposal to him to work for Guarrazi in operating a still, Guarrazi offering to pay him $150 per month, and, in case of arrest, $50 per month while he was in jail. On August 2 appellant came to Esara's house and took him in a car to a point near the place where the still was found, and he was waiting for Guarrazi to arrive when he was placed under arrest. Appellant testified that he was working as an extra delivery boy in a Tacoma grocery; that on August 2 Joe Pinsetto purchased at the grocery some sugar and yeast and a number of barrels; that Pinsetto arranged with him to take Esara to a place about one block distant from the Huggler home, where the still was discovered; that later in the evening Pinsetto called at the store where appellant was working and gave him for the first time the address of the place to which the articles were to be delivered, and paid him in advance the sum of $7.50 for his services; that later, after he was through work, he delivered the articles to the Huggler place, where he was arrested. He disclaimed any connection with the still, or that he knew who was operating it.

From the foregoing facts it seems clear that the jury was amply justified in finding that a conspiracy, as charged in the indictment, in fact existed, and that the appellant was a party to it. As said by the Circuit Court of Appeals for the Seventh Circuit, in Anstess v. United States, 22 F. (2d) 594, 596:

"It is well understood that a conspiracy is rarely proved by direct evidence; that it is usually established by proof of facts and circumstances from which its existence is inferred. If the inference is a natural and reasonable one, it is sufficient support for the finding of a conspiracy."

▮▮▮ Nor did the acquittal of Huggler and Esara, appellant's codefendants, automatically work his acquittal. The indictment charged that the named defendants conspired, together and with sundry and divers other persons unknown to the grand jury, in the enterprise set forth in the indictment. It appears that Guarrazi's and Pinsetto's connection with the alleged conspiracy was not discovered by the officers until after the indictment was returned. There is substantial evidence in the record to support the alleged overt acts committed by appellant for the purpose of carrying the conspiracy into effect. To be sure, one person alone cannot commit the crime of conspiracy. Conspiracy is a criminal partnership, and requires at least two parties in its commission, but all parties to the conspiracy need not be named in the indictment. If the indictment charges a conspiracy among specifically named defendants and other persons unknown to the grand jury, and it appears at the trial that there was such a conspiracy, but that only one of the named defendants was a member of it, that in law is sufficient to support a conviction of that defendant, if it is shown by substantial evidence that parties unknown at the time the indictment was returned had entered into the alleged criminal undertaking with the one named defendant, and that some one or more of the overt acts alleged in the indictment were in fact committed by a member of the conspiracy. In Anstess v. United States, supra, Anstess was found guilty under an indictment charging him and one Johnston, together with other persons whose names were unknown, with conspiring to unlawfully transport and sell intoxicating liquor. At the trial Johnston was acquitted and Anstess appealed. In passing on the precise point now before us, the court, at page 595 of 22 F.(2d) say:

"If the evidence warrants a finding that plaintiff in error conspired with a person not named as a defendant, it is sufficient."

The cases cited by appellant are not apposite. Bartkus v. United States (C. C. A.) 21 F.(2d) 425, merely holds that one person cannot commit the crime of conspiracy. United States v. Austin (C. C. A.) 31 F.(2d) 229, holds that the conviction of conspiracy of only one defendant cannot be sustained, if all other conspirators are acquitted. In Feder v. United States (C. C. A.) 257 F. 694, 5 A. L. R. 370, the indictment contained no allegation that there were other members of the conspiracy to the grand jurors unknown.

The jury in the case before us evidently found, and were justified in finding, that Didenti conspired with Guarrazi and Pinsetto, or with one or the other of them, and, this

being so, the acquittal of Huggler and Esara is without effect so far as appellant's case is concerned.

Affirmed.

WILBUR, Circuit Judge, concurs.