## CHRISTIANSEN v. UNITED STATES. *
### No. 6299.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1931.

Chas. D. Russell, of Savannah, Ga., for appellant.

*Rehearing denied December 3, 1931.

Chas. L. Redding, U. S. Atty., and G. B. Everitt, Asst. U. S. Atty., both of Savannah, Ga.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an indictment against the appellant Christiansen and several others for conspiracy, under section 37 of the Criminal Code (18 USCA § 88), to commit the several offenses of (1) smuggling, (2) facilitating the transportation of, (3) transporting, (4) possessing for sale, and (5) selling intoxicating liquors for beverage purposes, in violation of § 593 (b) of the Tariff Act of 1922 (42 Stat. 982 [19 USCA § 497]), and the National Prohibition Act (27 USCA). Christiansen was placed on trial alone; his codefendants having been previously convicted. The evidence without dispute disclosed that he was guilty of the conspiracy to commit the offense of smuggling as charged in the indictment, but he contends that it failed to show that he was a party to the conspiracy to commit the other offenses alleged in the indictment. The government contends that he was a party also to the conspiracy to commit the second offense charged of facilitating the transportation of liquor after it was imported. But it admits, and the court charged the jury, that the proof failed to show that he was a party to the conspiracy, in so far as transportation, possession, and sale were concerned. The court refused to direct a verdict of not guilty, or to charge that it was essential to conviction that appellant should have been a party to the conspiracy to commit all five of the offenses alleged as objects of that conspiracy, and, instead, instructed the jury that he was guilty as charged if he conspired with his codefendants to commit either or both of the first and second offenses of smuggling and facilitating the transportation of liquor after it had been imported. Appellant was convicted as charged in the indictment, and assigns as error the submission of the case to the jury under the charge given.

His contention is that, as the indictment alleges a single conspiracy, all the objects of it had to be proved as alleged in order to sustain a conviction, because otherwise there would be a fatal variance between the allegation and proof. In Bailey v. United States, 5 F.(2d) 437, this court held that where, as here, the objects of a conspiracy are separable, it is not a good objection that

the indictment charges more than was or could be proved, if what is well alleged constitutes an offense. To the same effect are Ford v. United States, 273 U. S. 593, 602, 47 S. Ct. 531, 71 L. Ed. 793; Kepl v. United States (C. C. A.) 299 F. 590; Anstess v. United States (C. C. A.) 22 F.(2d) 594; Hogan v. United States (C. C. A.) 48 F.(2d) 516. Mr. Bishop lays down the broad rule that a single offense, which is capable of being committed by many means, may be charged by as many means not repugnant to each other as the pleader chooses, and may be established by proof of its commission by any one of them, 1 New Cr. Pr. § 434; and he applies it to an indictment for conspiracy which requires concerted action by two or more persons, 3 New Cr. Pr. § 233; as well as to a scheme to defraud which may be made up of a number of false pretenses and devised by a single individual. Id. § 171; 2 Cr. Law, § 418. We have followed this rule in construing indictments both for conspiracy under section 37 of the Criminal Code (18 USCA § 88), and for using mails in furtherance of schemes to defraud under section 215 of the Criminal Code (18 USCA § 338), because in our opinion the principle of law involved is sound and is the same in either class of cases. Bailey v. United States, supra; Sasser v. United States (C. C. A.) 29 F.(2d) 76.

The conclusion is that the trial court did not err in refusing to direct a verdict for appellant, or in charging the jury that he could be convicted if he were a participant in the conspiracy to smuggle intoxicating liquors into the United States, although he was not a party to the unlawful agreement to commit the other offenses alleged in the indictment.

The judgment is affirmed.