## MORRISON et al. v. UNITED STATES.
### No. 7255.

Circuit Court of Appeals, Fifth Circuit.
June 12, 1934.

Rehearing Denied July 18, 1934.

W. J. Gex, of Bay St. Louis, Miss., R. A. Wallace, of Gulfport, Miss., and James N. Brittingham, Jr., of New Orleans, La., for appellants.

William H. Norman, Asst. U. S. Atty., Rene A. Viosca, U. S. Atty., both of New Orleans, La., and Amos W. W. Woodcock, Sp. Asst. to Atty. Gen., for the United States.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

The indictment in this case charges a conspiracy unlawfully to import intoxicating liquor into the United States, to transport it therein, and to operate a radio station with-

out obtaining the permit and license required by law. The four defendants who are appellants here were convicted as charged. Error is assigned on rulings of the trial court, sustaining a demurrer to a plea in abatement, upon objections to evidence offered by the prosecution, and denying their joint and several motions for the peremptory instruction. Appellants also seek, by suggesting a diminution of the record, to bring here for review a purported instruction of the trial court to the effect that appellants might be convicted upon proof that they conspired only to violate the National Prohibition Act. It appears from their motion for certiorari that the trial judge approved the instruction in question as being one which he had given at the trial, but that he did so long after the expiration of the time allowed by law for settling and signing a bill of exceptions.

■ The plea in abatement alleges that the indictment was found by a grand jury whose members were all residents of the city of New Orleans, but it fails to allege how appellants were prejudiced or even that they were. Clearly, there was no error in sustaining a demurrer to such a plea. Agnew v. United States, 165 U. S. 36, 45, 17 S. Ct. 235, 41 L. Ed. 624; Hyde v. United States, 225 U. S. 347, 374, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614.

■ Appellants offered no evidence. Their objections to that in behalf of the government relate to its weight rather than to its admissibility or relevancy. All the evidence admitted, though much of it was circumstantial, tended logically to establish the offense alleged; none of it was objectionable as being too remote. According to the government's evidence, intoxicating liquor in wholesale quantities was purchased in Canada and British Honduras, smuggled into the United States by boat, and then shipped inland by rail. An unlicensed amateur radio station was installed at New Orleans by means of which orders were communicated to Belize, British Honduras, for the shipment of liquor, and directions given to boats at sea, which were bringing it in, when and where to transfer it to small boats along the Mississippi coast. These small boats, after taking the liquor on board, landed it on the banks of a river, from which it was immediately transported by trucks, and, as soon as possible, placed in freight cars and shipped to various points in the United States. All the appellants were engaged in one way or another in both the importation and the transportation. While one or two of them were principally engaged in unloading the liquor from the small boats at the river landings, hauling it by truck to a railroad station, loading it on freight cars, and shipping it to various points in the United States, there is no room for doubt that they were acting in concert with the other appellants who purchased the liquor and had it smuggled in. No phase of the evidence indicated that there were two separate conspiracies, one to import and the other to transport; on the contrary, all the evidence tended to prove that there was but one conspiracy, and that it was both to import and to transport.

■ The motion for certiorari, suggesting a diminution of the record, is denied, because the trial court, having by the lapse of time lost jurisdiction of the case, was without power to add anything to the bill of exceptions. Notwithstanding this, the point which appellants seek to make by that motion is necessarily before us; for we have held that where the objects of a conspiracy are separate, it is not a good objection that an indictment for conspiracy charges more than was or could be proved if what is well alleged constitutes an offense. Christiansen v. United States (C. C. A.) 52 F.(2d) 950; Horwitz v. United States (C. C. A.) 63 F. (2d) 706. The Eighteenth Amendment having been repealed pending this appeal, the judgment of conviction would have to be annulled, although it was good when rendered, if the verdict was based on a conspiracy to commit an offense which was in violation only of the National Prohibition Act. United States v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510. But as the evidence clearly shows that the conspiracy had for its object the importation as well as the transportation of the same liquor, and as the law against smuggling any merchandise, including liquor, to say nothing of the Radio Act (47 USCA §§ 81–119), remains in full force and effect, the conviction is good and ought not to be set aside. There is no basis in the evidence for the contention that there were two separate and distinct conspiracies. There was abundant evidence to support the verdict, and so it was not error to deny the motions for directed verdicts.

The judgment is affirmed