**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Waldo CLIFTON, Defendant-**
**Appellant.**

No. 71–1752
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1971.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Arthur J. Hanes, Jr., Birmingham, Ala., for defendant-appellant.

Wm. J. Schloth, U. S. Atty., Charles B. Pekor, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before COLEMAN, SIMPSON, and MORGAN, Circuit Judges.

PER CURIAM:

James Waldo Clifton appeals from his judgment of conviction and sentence to three concurrent five year confinement terms, based upon a jury verdict of guilty as charged to each count of a three count indictment.[1]

Rhodes and Heafner, the named co-conspirators, were the primary witnesses against Clifton.[2] Their testimony was sufficient, if believed by the jury to prove (a) the existence of the conspiracy between them and Clifton between their first admitted contact with him about October 18, 1969, and December 12, 1969, (b) the commission by one or the other of these three persons of all the overt acts laid in Count One except overt acts 1 and 3, and (c) Clifton's guilt as charged under the substantive counts, Counts Two and Three.

Overt acts 1 and 3 concerned actions of Clifton alone: (overt act 1) the sale between October 12 and October 18 of three stolen shotguns by Clifton to J. W. "Cooter" Smith and (overt act 3) the possession by Clifton at his home in Weaver, Alabama, of four stolen shotguns on October 21, 1969, said guns having previously been stolen from Agee Salvo in Anniston, Alabama. Clifton's commission of these overt acts was proved primarily by Salvo and Smith, and corroborated by the officer who recovered four guns from Clifton's residence.

By pre-trial motion to strike from the indictment, by motions to exclude and by objections to the testimony going to proof of their commission, and by motions for mistrial, Clifton preserved for our review the question of whether or not prejudicial error was committed by the trial court in allowing this testimony to be considered by the jury. Indeed, this is the sole question presented on appeal.

Upon at least two theories we conclude that the conviction must stand. First, the evidence at trial was such that it was proper for the jury to consider whether or not Clifton and persons unknown were acting in furtherance of an existing conspiracy when overt acts 1 and 3 were committed and that Rhodes and Heafner shortly thereafter became members of this existing conspiracy. The testimony would then be clearly competent proof as to Clifton's guilt.[3] Additionally, if the jury rejected this theory and decided that no conspiracy existed before the first contacts between Clifton, Rhodes and Heafner about October 18, 1969, proof of the commission of

---

1. Count One alleged violation of Title 18, U.S.C., Section 371, by charging defendants, Rhodes and Heafner, and other persons to the grand jury unknown with conspiring, between on or about October 1, 1969, and on or about December 12, 1969, to transport and ship stolen firearms in interstate commerce with knowledge of their being stolen in violation of Title 18, U.S.C., Section 922(i). Fifteen overt acts were alleged as committed to carry out the purpose of the conspiracy. Count Two was a substantive count charging Clifton, Rhodes and Heafner, aided and abetted by each other, with transporting certain described stolen firearms in inter-state commerce, in violation of Title 18, U.S.C., Sections 922(i) and 924. Count Three charged Clifton alone with violation of Sections 922(i) and 924 by the transportation interstate of a described stolen shotgun.

2. Clifton did not testify or offer any other evidence in his defense.

3. Nelson v. United States, 5 Cir., 1969, 415 F.2d 483; Harper v. United States, 5 Cir., 1969, 405 F.2d 185; Sigers v. United States, 5 Cir., 1963, 321 F.2d 843; Lefco v. United States, 3 Cir., 1934, 74 F.2d 66, 68; Didenti v. United States, 9 Cir., 1930, 44 F.2d 537.

similar and clearly related offenses by Clifton earlier that month was clearly admissible as going to establish Clifton's intent which was a requisite element of proof under each of the three counts being tried.[4]

Affirmed.

---

4. Nye & Nissen v. United States, 1949, 336 U.S. 613, 618, 69 S.Ct. 766, 93 L.Ed. 919; Schino v. United States, 9 Cir., 1953, 209 F.2d 67, 74; Roe v. United States, 5 Cir., 1963, 316 F.2d 617.