105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeri Lynn VONSTEIN, aka: Jeri Lynn Wright; Jeri Lynn
Vonstein, Defendant-Appellant.
 No. 95-50516.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Jeri Lynn Vonstein was charged with conspiracy to distribute 100 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (count one), and distribution of and aiding and abetting distribution of methamphetamine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (count two). After a jury trial, Vonstein was convicted of count one and acquitted of count two.
 
 
 3
 Vonstein appeals her conviction pro se and we affirm.
 
 
 4
 (1) The nature of the conspiracy charge:
 
 
 5
 Vonstein argues that 21 U.S.C. § 846 is merely an enhancement statute and thus a defendant cannot be convicted of a conspiracy count if she has not been convicted of the underlying offense. As part of this argument, Vonstein maintains that section 846 does not have a prescribed punishment.
 
 
 6
 Vonstein is incorrect.[1] The Ninth Circuit recognizes conspiracy to commit a crime under 21 U.S.C. § 846 as an independent crime. See United States v. O'Brien, 52 F.3d 277 (9th Cir.1995) (upholding the sentence of a defendant who pleaded guilty to conspiracy to distribute cocaine and marijuana under 21 U.S.C. § 846 but not to the underlying offense). Nor does 21 U.S.C. § 846 lack a prescribed punishment. "The language of section 846 is clear. A person who conspires to distribute a controlled substance described by section 841(a)(1) is subject to the same penalties prescribed for a section 841(a) offense." Id. at 278.
 
 
 7
 Vonstein suggests that there are double jeopardy implications to finding that a person can be convicted solely of conspiracy. The Ninth Circuit, however, has determined otherwise. "A substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes." United States v. Saccoccia, 18 F.3d 795, 798 (9th Cir.1994).
 
 
 8
 (2) The validity of charging a single person with conspiracy:
 
 
 9
 Vonstein argues that a single person cannot be charged with conspiracy.
 
 
 10
 Although a charge of conspiracy necessarily must allege the involvement of more than one person (a standard which the indictment against Vonstein meets), it is perfectly permissible to indict and try a single member of a properly alleged conspiracy. " 'If the evidence warrants a finding that plaintiff in error conspired with a person not named as a defendant, it is sufficient.' " Didenti v. United States, 44 F.2d 537, 538 (9th Cir.1930) (quoting Anstess v. United States, 22 F.2d 594, 595 (7th Cir.1927)); see also United States v. Hughes Aircraft Co., Inc., 20 F.3d 974, 978 (9th Cir.1994) ("[T]he conviction of one co-conspirator is valid even when all the other co-conspirators are acquitted."), cert. denied, 513 U.S. 987, 115 S.Ct. 482, 130 L.Ed.2d 395 (1994)); United States v. Jones, 425 F.2d 1048, 1058 (9th Cir.1970) ("[A] single defendant can be convicted of the offense based upon proof of overt acts committed by the coconspirator not tried or not convicted."), cert. denied, 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970)).
 
 
 11
 (3) Amending the indictment:
 
 
 12
 Vonstein argues that the prosecutor constructively amended the indictment because the indictment alleges the involvement of "persons whose names are known and unknown," but at trial there was no evidence advanced regarding unknown persons.
 
 
 13
 Because no objection to the indictment was made at the district court, we review for plain error. United States v. Karterman, 60 F.3d 576, 579 (9th Cir.1995).
 
 
 14
 An indictment will withstand a motion to dismiss
 
 
 15
 if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.
 
 
 16
 United States v. Rosi, 27 F.3d 409, 414 (9th Cir.1994) (quotation omitted).
 
 
 17
 Vonstein does not allege facts which suggest that the superfluous reference to "unknown" persons in the indictment affected her situation in any of these areas. " 'A variance between indictment and proof does not require reversal unless it affects the substantial rights of the parties.' " United States v. Von Stoll, 726 F.2d 584, 587 (9th Cir.1984) (quoting United States v. Kaiser, 660 F.2d 724, 730 (9th Cir.), cert. denied, 455 U.S. 956, 102 S.Ct. 1467, 71 L.Ed.2d 674 (1981)). Therefore, we find no plain error and decline the invitation to hold the indictment to a standard of technical perfection.
 
 
 18
 (4) The district court's sentencing determinations:
 
 
 19
 Vonstein first argues that it was impermissible for the district court to use the quantity of drugs involved in the crime to determine her sentence because she was not convicted of possession, only conspiracy.
 
 
 20
 Vonstein is mistaken. "A person who conspires to distribute a controlled substance described by section 841(a)(1) is subject to the same penalties prescribed for a section 841(a) offense." O'Brien, 52 F.3d at 278. The judge's calculation of Vonstein's sentence on the basis of the amount of drugs involved was proper, therefore, and did not constitute an amendment of the indictment.
 
 
 21
 Vonstein next argues that the district court improperly amended the indictment by finding that she committed perjury and enhancing her sentence by two points for obstruction of justice on this basis. Implicit in Vonstein's argument is the assumption that the judge could not find that she had committed perjury for sentencing purposes without an indictment for this charge.
 
 
 22
 Under McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), a judge may sentence on the basis of uncharged conduct if consideration of that conduct does not negate the presumption of innocence, relieve the prosecution of the burden of proving guilt of the underlying crime, alter the maximum penalty available for the crime committed, or create a separate offense calling for a separate penalty. United States v. Restrepo, 946 F.2d 654, 656 (9th Cir.1991) (en banc), cert. denied, 503 U.S. 961, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992). "The statute for the offense of conviction sets the constitutional parameters of a possible sentence. Once those limits are established by a valid conviction on proof beyond a reasonable doubt, the defendant's liberty interest has been greatly reduced." Id. at 659. Corresponding, there is no right to a jury determination of the uncharged conduct considered at sentencing. "[T]here is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact." McMillan, 477 U.S. at 93, 106 S.Ct. at 2420.
 
 
 23
 A Ninth Circuit en banc panel determined that the Sentencing Guidelines, including the requirements resulting in a sentence "calculated on the basis of conduct of which the defendant is neither charged nor convicted," met the McMillan standards. Restrepo, 946 F.2d at 653, 657. Thus, the two-point enhancement to Vonstein's sentence for obstruction of justice made pursuant to the Guidelines falls within the parameters established by McMillan, and the district judge permissibly considered Vonstein's perjury conduct despite the lack of indictment for this behavior. See also United States v. Humphries, 961 F.2d 1421, 1422 (9th Cir.1992) (finding no violation to a defendant's rights to a jury trial or proof beyond a reasonable doubt from a sentencing determination that the defendant had committed an aggravated assault).
 
 
 24
 Finally, Vonstein argues that it is inappropriate to find obstruction of justice on the basis of perjury. The Ninth Circuit, however, has found to the contrary. United States v. Arias-Villanueva, 998 F.2d 1491, 1512 (9th Cir.) (holding that if a district court finds that a defendant committed perjury at trial, "an enhancement for obstruction of justice is proper."), cert. denied, 510 U.S. 937, 114 S.Ct. 359, 126 L.Ed.2d 322 (1993).
 
 
 25
 (5) Grand jury proceedings:
 
 
 26
 Vonstein argues that any prosecutor involvement in grand jury proceedings is unconstitutional. The Supreme Court and this Circuit have rejected such challenges. See United States v. Sells Engineering, Inc., 463 U.S. 418, 428-30, 103 S.Ct. 3133, 3140-41, 77 L.Ed.2d 743 (1983); United States v. Al Mudarris, 695 F.2d 1182, 1182-85 (9th Cir.), cert. denied, 461 U.S. 932, 103 S.Ct. 2097, 77 L.Ed.2d 305 (1983).
 
 
 27
 Vonstein further objects to the secrecy of the grand jury proceedings permitted by Rule 6 of the Federal Rules of Criminal Procedure. However, "[i]t has long been recognized in this country ... that the traditional 12 to 23- member grand juries may examine witnesses in secret sessions." In re Oliver, 333 U.S. 257, 264, 68 S.Ct. 499, 503, 92 L.Ed.2d 682 (1948); see Hale v. Henkel, 201 U.S. 43, 58-66, 26 S.Ct. 370, 372-75, 50 L.Ed. 652 (1906) (advancing the reasons which justify grand jury secrecy).
 
 
 28
 We do not disturb these judgments.
 
 CONCLUSION:
 
 29
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The cases cited by Vonstein do not support her assertion that section 846 is merely an enhancement statute. Garrett v. United States, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), found that a defendant could be prosecuted for continuing criminal enterprise without violating double jeopardy; United States v. Wallace, 32 F.3d 921 (5th Cir.1994), determined that a conviction of conspiracy could not be used to sentence a defendant as a career offender under section 4B1.1 of the Sentencing Guidelines, which is not an issue in this case; United States v. Bullock, 914 F.2d 1413 (10th Cir.1990), held that the language used in the indictment of conspiracy adequately outlined the offenses in the case; and United States v. Rivera-Martinez, 931 F.2d 148 (1st Cir.), cert. denied, 502 U.S. 862, 112 S.Ct. 184, 116 L.Ed.2d 145 (1991), determined that the double jeopardy clause prohibited conviction and sentence for a drug conspiracy that was a lesser included offense of continuing criminal enterprise, which is not an issue in this case