## UNITED STATES v. VANNATTA.

(District Court, E. D. New York. February 15, 1922.)

1. Conspiracy ☞43(5)—Overt acts charged in indictment may or may not be crimes.

The fact that the overt acts alleged in an indictment for conspiracy may or may not have been crimes in themselves has no bearing on the validity of the indictment.

2. Conspiracy ☞43(5)—Indictment must sufficiently charge conspiracy, independent of overt acts.

An indictment for conspiracy must be sufficient in its statement of the conspiracy, independent of the allegations of the overt acts, which must be charged as in pursuance of a conspiracy previously completely and definitely set forth.

3. Indictment and information ☞125(5½)—Indictment for conspiracy not duplicitous, though overt acts are crimes.

If the charge of conspiracy is complete, allegations charging specific crimes as overt acts do not make the indictment duplicitous.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Conspiracy ⚷43(6)—Indictment charging conspiracy between seller and buyer of whisky held sufficient, though buying was not an offense.**

In view of Volstead Act, § 3, forbidding the transportation and possession of intoxicating liquor, except as therein authorized, and of regulation No. 60, forbidding the purchasing, etc., for nonbeverage purposes without a permit, an indictment charging conspiracy with F. and others to sell to F. whisky fit for beverage purposes, when defendant had no permit, and F. had none to make a further sale, sufficiently charges a conspiracy to commit an offense against the United States, though buying intoxicating liquor is not a crime.

**5. Conspiracy ⚷43(1)—Indictment need charge only one of the alleged conspirators.**

An indictment charging a conspiracy between defendant and another named individual and others to the grand jurors unknown is not demurrable, because it did not designate the named individual as a defendant.

**6. Indictment and information ⚷150—Whether transaction was conspiracy, as alleged, or participation in one act, is not raised by demurrer to the indictment.**

A demurrer to an indictment, charging a conspiracy to sell a quantity of whisky to a named individual, does not raise the question whether the facts would establish the conspiracy, or would show merely a conscious participation in a single transaction.

John T. Vannatta was indicted for conspiracy to violate the Volstead Act. On demurrer to the indictment. Demurrer overruled.

Ralph C. Green, U. S. Atty., of Brooklyn, N. Y. (Henry J. Walsh, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Morris Kamber, of New York City, for defendant.

CHATFIELD, District Judge. Demurrer to indictment charging conspiracy to commit an offense against the United States.

[1-3] The indictment alleges a number of overt acts, which may or may not have been crimes in themselves; but this has no bearing upon the validity of the indictment. A conspiracy indictment must be sufficient in its statement of the charge of conspiracy, independent of the allegations of the overt acts. An overt act must be charged, but this must be in pursuance of a conspiracy which has previously been completely and definitely set forth. Conversely, if the charge of conspiracy is complete, then the allegations of overt acts, involving possibly other specific instances of crime, do not make the indictment duplicitous.

[4] In the case at bar the charge of conspiracy is alleged to consist of a plan with one Farrell and others, to the grand jurors unknown, to sell to Farrell a large quantity of whisky which was fit for beverage purposes, when the defendant had no permit to make such a sale, and also when the said Farrell had no permit to make a further sale. Objection is made that Farrell was buying rather than selling, and that *buying* intoxicating liquor is not a crime.

Section 2 of article 2, and section 6 of article 3, of Regulations No. 60, forbid the purchasing, possessing or using of intoxicating liquor for nonbeverage purposes, without a permit, while section 3 of title

2 of the Volstead Law (41 Stat. 308) forbids the transporting and possessing of intoxicating liquor, except as authorized in the act. Such sale and possession are made misdemeanors, and a person accessory to a misdemeanor is chargeable as a principal. Hence the contention that buying liquor is not forbidden by the statute as a crime is a distinction without a difference in this case.

Evidently the pleader had in mind, however, the thought that Farrell was not a party entitled or qualified to deal in such liquor—that is, to sell it for medicinal purposes, or for any other valid use under the statute—and was intending to charge as a part of the conspiracy the intent to commit the crime of transporting or transferring the liquor for beverage purposes, as distinguished from what would be only an evasion of regulations and a technical violation of the statute, if transmitted—that is, sold—for nonbeverage purposes, or to a person who himself was qualified under the law and regulations to traffic, in a proper manner, in the liquor. But, so far as the charge of conspiracy is concerned, the indictment is sufficient, and any objection merely on the ground of indefiniteness or duplicity, in the sense that Farrell, perhaps, may have been conspiring also to commit another crime, is not borne out.

[5] The defendant also objects by his demurrer to the indictment on the ground that but one defendant is named, although Farrell is alleged to have been one of the conspirators. In the case of Feder v. United States, 257 Fed. 694, 168 C. C. A. 644, 5 A. L. R. 370 (C. C. A. 2d Circuit), it was expressly held that a charge of conspiracy might be tried against one defendant alone, if two persons were shown to have been concerned in the consp racy. The court also held that, if one of two conspirators should be found not guilty of conspiring, the charge must fall as to both. But in that case the indictment alleged that two defendants conspired with each other, and there was no charge in any form that others were concerned in the conspiracy.

In the case at bar, the indictment charges that others were concerned in the conspiracy, of whom Farrell alone is named, and Farrell is not made a defendant, for reasons known only to the grand jurors, or to the district attorney. A natural inference is that the government did not desire to arrest or arraign Farrell on the charge, perhaps with the idea of using him as a witness. But this does not affect the validity of the indictment. So long as the charge of conspiracy is an allegation that the defendant, Vannatta, was conspiring with one or more other persons, the charge of conspiracy will lie against him alone.

[6] Whether the trial may show that there was no conspiracy to commit a crime of a general statutory kind, of which the instance set forth was an example carried into effectuation, or whether the evidence upon the trial may show that there was no conspiracy, but only conscious participation in a single transaction, such that the defendant should not be made liable to the more severe sentence for conspiracy, while at the same time subject to the lower, but double, penalty for violation of the Volstead Law, is a matter which cannot be raised upon demurrer.

The demurrer will be overruled.