## FOX v. UNITED STATES.

### No. 4326.

Circuit Court of Appeals, Seventh Circuit.

Dec. 5, 1930.

David D. Stansbury and George F. Callaghan, both of Chicago, Ill., for appellant.

L. H. Bancroft, U. S. Atty., and E. J. Koelzer, Asst. U. S. Atty., both of Milwaukee, Wis., and S. R. Rush, Sp. Asst. to Atty. Gen.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge.

Appellant, Fox, was convicted on two counts of an indictment, the first of which charged that Voelz, Fox, and others "to said grand jurors unknown" conspired to defraud a national bank.

Complaint is made that the first count of the indictment did not sufficiently advise defendant of the nature of the accusation. Although it is suggested that too many substantive offenses are included in a single count, the argument veers off to the proposition that the count is bad, because, although the grand jury knew one Schipper was one of the alleged conspirators, the count falsely said that, other than Voelz and Fox, the conspirators were unknown. On its face, the count did not lack any necessary averment. If more specific information was desired, it doubtless could have been obtained by a motion for bill of particulars.

It is next urged that there was a variance between the proof offered and the indictment.

After Voelz pleaded guilty, he testified for the government that Fox introduced him to one Schipper. To the question, "Where were you when you met Schipper?" Fox objected, saying, "There is no mention of Schipper in the indictment; it is a collateral matter to the inquiry." Fox thereupon urged that it was his contention that Schipper was one of the conspirators, known to the grand jury, and it was a fatal defect in the indictment to classify him as unknown. At that time there was no evidence that the government was contending that Schipper was one of the conspirators designated in the indictment as "unknown." Nor was there any evidence that Schipper was in fact known to the grand jury, as a conspirator, when it returned the indictment. A variance arises when the evidence shows that the facts proven do not support, but are different from, the averments in the pleadings. That there was no evidence of a variance is disclosed by this statement by counsel for Fox:

"I think it could be quickly developed here * * * that the grand jury knew about Schipper at the time this indictment was returned."

That was followed by this offer:

"I make an offer here to prove by this witness that he did testify relative to Schipper before the indictment was returned, before the grand jury, regarding the first Fox transaction with the National Bank of Commerce."

If competent at any time, that testimony, so far as we can now judge, would not have tended to show a variance. No other offer was made, and the court, we think, properly overruled the objection made.

It is urged that, as Schipper was indicted in indictment numbered 137, and that the indictment here involved was numbered 138, the grand jury must have known Schipper was one of the conspirators designated in 138 as "unknown." That by no means follows. In fact, on the record, the presumption is to the contrary, because Voelz, who was indicted with Schipper in 137 and with Fox in 138, pleaded guilty to both indictments. The presumption arising from that fact is that the indictments covered different and possibly unrelated offenses. The Schipper-Voelz indictment is not in the record. Whether an indictment that designates a known conspirator as unknown is faulty is not a question raised on this record.

It is objected that Government Exhibit 54 was improperly admitted in evidence. The evidence showed that there had been a large number of embezzlements from the bank's funds, and that such embezzlements were covered up for a·time by not giving proper credits to depositors in some cases, and by making false withdrawals from other depositors' accounts in other cases. All those matters were shown by the exhibit, and in another column of the exhibit were named the persons, including Fox, who got the sums embezzled. The exhibit was admitted as a mere summary. The instructions to the jury are not in the record, but counsel for Fox stated, in open court, that they were very fair. We think we must presume either that the court did instruct, or would have instructed if asked, that the exhibit was admitted as a mere summary, and not as original evidence against Fox.

The most serious question was raised on the redirect examination of government's witness Taylor. The whole incident is contained in the following:

"Had a conversation with Schipper in January, 1929, in the marshal's office after he surrendered relative to finding out which became of the funds.

"Mr. Slensby: That is objected to, unless it is shown Fox was present at the time of the conversation.

"The Court: The question may be answered, in view of the contention suggested would be made in regard to the exhibit offered in evidence by the witness.

"Exception noted by defendant Fox.

"A. He told me that on three different occasions, I am speaking now of Schipper's conversation, Schipper told me that Fox came over on three different occasions with him and went to the hotel he was staying at in Detroit, and that he, in other words, gave him 'the works,' as they speak in the curbstone phrase, and threatened him unless he turned over part of the money which Voelz had telegraphed to him, that he would go back and expose him to the officers of the bank, and manipulations of Mr. Voelz and Mr. Schipper, and in order to stay him off from exposing him he gave him at one time $11,000, or his agent, and that he gave him another time $4,000, or a total of $15,000 of the funds which Voelz had embezzled and transferred to him in Detroit."

Schipper had, at the opening of the case, pleaded guilty to indictment numbered 137, so that, if not actually in court, his physical movements were under the control of the government, and presumably he was available to prove the matters Taylor said Schipper told him. We have carefully read the cross-examination of Taylor, and find nothing to justify such testimony on redirect examination.

The evidence against Fox was mostly the unsupported testimony of an alleged accomplice. That evidence, in our opinion, had enough support to justify a conviction. But Fox had the right to have that evidence go to the jury without the added support of hearsay statements, purporting to come from another accomplice, not under oath, and whose very damaging statements could not be tested by cross-examination. From that error we see no escape except reversal.

The judgment is reversed, and the case remanded.