**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen Louis O'BRIEN,**
**Defendant–Appellant.**

No. 94–10232.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 1995.

Decided April 18, 1995.

Joseph M. Gedan, Honolulu, HA, for defendant-appellant.

Sharon Burnham, Asst. U.S. Atty., Honolulu, HA, for plaintiff-appellee.

Before: BRUNETTI, THOMPSON and HAWKINS, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Stephen Louis O'Brien pleaded guilty to a single-count information charging him with conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846. O'Brien had two prior felony drug convictions. He

was sentenced to twenty years in prison. In this appeal, he challenges only his sentence. He argues the district court erred by enhancing his sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(ii)(II).

We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I

Because O'Brien had two prior felony drug convictions, and conspired to distribute more than 5 kilograms of cocaine, 21 U.S.C. § 841(b)(1)(A)(ii)(II) mandated a term of life imprisonment. The government, however, moved for a downward departure under USSG § 5K1.1, due to O'Brien's substantial cooperation. Pursuant to that motion, the district court departed downward and sentenced O'Brien to twenty years in prison.

O'Brien appeals his 20–year prison sentence. He argues the district court should not have started its downward departure from the statutory enhancement of life imprisonment, but should have started that downward departure from his sentence computed according to the range set by the guidelines. Without the statutory life-term enhancement under 21 U.S.C. § 841(b)(1)(A)(ii)(II), O'Brien's guidelines range would have been 262–327 months.[1] The same downward departure, therefore, starting from this range would have resulted in a substantially lesser term of imprisonment.

■ O'Brien contends the district court's life-term enhancement was improper, because he pleaded guilty to violating 21 U.S.C. § 846, conspiracy to commit a drug offense defined by 21 U.S.C. § 841(a)(1). He did not plead guilty to the underlying drug offense described by section 841(a)(1). He points out that section 841(b) only provides punishment for a "person who violates subsection (a)" of section 841 and the only other sections mentioned in section 841(b) are sections 859, 860 and 861. Because a violation of section 846 is different from a violation of section 841(a) and because section 846 is not among the

sections mentioned in section 841(b), O'Brien argues a violation of section 846 will not subject a person to enhancement under section 841(b).

We reject this argument. Section 846 provides:

### § 846. Attempt and conspiracy

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846 (1988).

The language of section 846 is clear. A person who conspires to distribute a controlled substance described by section 841(a)(1) is subject to the same penalties prescribed for a section 841(a) offense. Section 841(b) provides the penalties for persons who violate section 841(a). Therefore, as a result of his conviction for conspiracy under section 846, O'Brien is subject to the sentence enhancements provided by 21 U.S.C. § 841(b)(1)(A)(ii)(II).

Any doubt about this was put to rest by our decision in *United States v. Dabdoub–Canez,* 961 F.2d 836 (9th Cir.1992). There, the defendant was convicted of both possession of cocaine with intent to distribute, in violation of section 841(a)(1), and conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. He was sentenced to a mandatory minimum ten-year prison term for the section 841(a)(1) conviction, pursuant to section 841(b)(1)(A)(ii)(II). He was also sentenced to a similar ten-year term for his conspiracy violation of 21 U.S.C. § 846. In upholding both sentences, we held that "a conspiracy conviction under section 846 carries with it the same mandatory minimum sentence as a conviction for the corresponding substantive offense under section 841." *Id.* at 838. In reaching this holding, we quoted the following language from *United States v. Montoya,* 891 F.2d 1273, 1293 n. 25 (7th Cir.1989): "[T]he intent of the [1988] amendment [to section 846] was to 'make

---

1. In Part II of this opinion, we address O'Brien's argument that the applicable sentencing range

should have been 188–235 months.

clear that any penalty that may be imposed for a substantive drug offense may be imposed for [a] conspiracy to commit that offense.'" *Id.* (quoting 134 Cong.Rec. S17,366 (Daily ed. Nov. 10, 1988)).

The district court did not err in starting its downward departure from the statutory life-term enhancement provided by 21 U.S.C. § 841(b)(1)(A)(ii)(II). *See Dabdoub–Canez,* 961 F.2d at 838; *United States v. Wessels,* 12 F.3d 746, 752 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 105, 130 L.Ed.2d 53 (1994).

## II

 O'Brien contends the district court should have started its downward departure from the guidelines range of 188–235 months. This would be the applicable guidelines range if the statutory life-term enhancement did not apply and if O'Brien's conspiracy conviction under 21 U.S.C. § 846 did not subject him to being sentenced as a career offender. O'Brien argues that his conspiracy conviction cannot be used to trigger a career offender sentence, because when the Sentencing Commission included "conspiracy" within the definition of "controlled substance offense" in the career offender provisions of the guidelines, USSG §§ 4B1.1 and 4B1.2, it exceeded its statutory authority under 28 U.S.C. § 994(h). We considered this argument and rejected it in *United States v. Heim,* 15 F.3d 830, 832 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994).

## III

Because we affirm O'Brien's 20–year prison sentence, which the district court imposed by departing downward from its life-term enhancement under 21 U.S.C. § 841(b)(1)(A)(ii)(II), it is unnecessary for us to consider O'Brien's additional arguments that the district court erred in its application of the Sentencing Guidelines by (1) increasing his offense level four levels on the ground he was an organizer of extensive criminal activity under USSG § 3B1.1(a), and (2) increasing his criminal history category three points pursuant to USSG §§ 4A1.1(d) and (e), because he committed his present offense within two years of release from prison and while he was on parole. Regardless of how we might resolve these issues, their outcome would not affect O'Brien's 20–year prison sentence which we affirm.

AFFIRMED.