68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James W. McCALLUM, Defendant-Appellant.
 No. 94-36194.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner James William McCallum appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. McCallum was convicted of conspiracy to distribute cocaine, 21 U.S.C. Sec. 846; conspiracy to travel in interstate commerce in aid of racketeering, 18 U.S.C. Secs. 371, 1952(a); unlawful use of a communication facility, 21 U.S.C. Sec. 843; and possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), (b)(1)(B). McCallum raised several sentencing issues for the first time in his Sec. 2255 motion, and contends that he received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994), and affirm.
 
 
 3
 McCallum has waived his claims based on alleged violations of Fed. R. Crim. P. 32 because he failed to raise the issues during his sentencing hearing or on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994). Accordingly, we affirm the dismissal of McCallum's sentencing claims.
 
 
 4
 McCallum's first contention, that counsel was ineffective for failing to raise the alleged violations of Fed. R. Crim. P. 32 on appeal or in a Fed. R. Crim. P. 35(b) motion, is meritless because he has failed to demonstrate that he was prejudiced. See Strickland v. Washington, 466 U.S. 668, 694 (1984). First, McCallum alleges that the district court violated Rule 32(a)(1)(A) by not verifying that he had an opportunity to review the presentence report ("PSR") prior to sentencing. McCallum, however, admitted that he reviewed the PSR several hours before the sentencing hearing. Second, McCallum alleges that the district court violated Rule 32(c)(3)(A) by not giving him the mandatory ten days to review the PSR. McCallum, however, conceded that the applicable version of Rule 32 provides only for "reasonable time." Finally, McCallum alleges that the district court violated Rule 32(c)(3)(D) by failing to make findings on the controverted matters in the PSR. McCallum, however, fails to identify which matters were controverted and an independent review of the record does not reveal any factual inaccuracies in the PSR raised by McCallum or his counsel. Accordingly, McCallum failed to demonstrate prejudice. See Strickland, 466 U.S. at 694.
 
 
 5
 McCallum's next contention, that counsel was ineffective because counsel failed to object to the quantity of cocaine in the PSR and failed to request factual findings regarding the quantity of cocaine, is also meritless because McCallum failed to demonstrate prejudice. See Strickland, 466 U.S. at 694. McCallum argues that the PSR "should only reflect the one (1) kilogram of cocaine he was found guilty of at his trial." However, McCallum also was convicted of conspiracy to distribute cocaine, and is thus "subject to the same penalties as those described for the offense." See 21 U.S.C. Sec. 846; see also United States v. O'Brien, 52 F.3d 277, 278 (9th Cir. 1995), cert. denied, (U.S. Oct. 2, 1995) (No. 95-5300). Thus, the district court properly rejected McCallum's claim that he received ineffective assistance of counsel because he failed to demonstrate prejudice. See Strickland, 466 U.S. at 694.
 
 
 6
 We discern no error in the district court's denial of McCallum's section 2255 motion without conducting an evidentiary hearing. See United States v. Watts, 841 F.2d 275, 277 (9th Cir. 1988) (per curiam).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3