UNITED STATES of America, Plaintiff-Appellee,

v.

Derrick Dontea WALKER, Defendant-Appellant.

No. 99-12242.

United States Court of Appeals,

Eleventh Circuit.

Sept. 26, 2000.

Appeal from the United States District Court for the Northern District of Florida. 9no. 98-00058-CR-1-MMP), Maurice M. Paul, Judge.

Before COX, WILSON and GIBSON[*], Circuit Judges.

PER CURIAM:

The issue presented in this appeal is whether the mandatory life sentence provided in 21 U.S.C. § 841(b)(1)(A) applies to a conviction for violating 21 U.S.C. § 846 by conspiring to commit a substantive drug crime that would itself be covered by 21 U.S.C. § 841(a)(1). Joining the position taken by the other three circuits that have addressed the issue, we hold that it does.

BACKGROUND

Derrick Walker was indicted on one count each of conspiracy to possess with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Pursuant to a plea bargain, Walker pled guilty to the § 846 conspiracy count, while the government dismissed § 841(a)(1), the substantive possession count. The presentence report attributed two-and-a-half kilograms of cocaine base and 300 grams of powder cocaine to Walker.

At sentencing, Walker objected to the application of 21 U.S.C. § 841(b)(1)(A), which provides in relevant that: "If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." Although Walker conceded that he had two prior felony drug convictions, he contended that § 841(b)(1)(A) did not apply because his present conviction was based upon a conspiracy charge under § 846, which is not one of the sections listed in § 841(b)(1)(A). The district court overruled the objection and applied the provision, sentencing Walker to the

---

[*]Honorable John R. Gibson, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

mandatory sentence of life imprisonment under it.  He appeals.

DISCUSSION

We review the district court's interpretation and application of the aforementioned statutes under the standard of *de novo* review as applied to all statutory interpretation involving sentencing. *See United States v. Head,* 178 F.3d 1205, 1206 (11th Cir.1999), *cert. denied,* --- U.S. ----, 120 S.Ct. 833, 145 L.Ed.2d 700 (2000).

Walker's principal argument is that the plain language of § 841(b)(1)(A) rules out applying it to a § 846 conviction, because § 846 is not one of the sections listed in the statutory provision. *See United States v. Koonce,* 991 F.2d 693, 698 (11th Cir.1993) ("The canon of statutory construction that the inclusion of one implies the exclusion of others is well-established.").  Walker is correct that the plain language of the statute involved resolves the issue before us, but the language directs us to a result opposite to the one advanced.

Section 846 itself provides:  "Any person who attempts or conspires to commit any offense defined in *this subchapter* shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846 (emphasis added).  The reference to "this subchapter" is to subchapter I of Chapter 13 of Title 21, and "any offense defined in this subchapter" includes the offenses defined in 21 U.S.C. §§ 841—863.  Thus Walker's sentencing under 21 U.S.C. § 841(b)(1)(A) is covered by section 846.

Walker was convicted of conspiring to commit one of those offenses described in subchapter I, specifically § 841(a)(1).  By virtue of the plain language of § 846, Walker is subject to the same penalties for conspiring to commit the § 841(a)(1) offense as he would be for actually committing that offense.  Because possessing 50 or more grams of cocaine base is "a violation of this subparagraph" as described in § 841(b)(1)(A) and Walker had two prior felony drug convictions, a mandatory life sentence applies for conspiring to commit a section 841(a)(1) offense.

This is the same reasoning three other circuits have relied upon in holding § 841(b)(1)(A) applicable to § 846 conspiracy convictions. *See United States v. O'Brien,* 52 F.3d 277, 278-79 (9th Cir.1995); *United States v. Gaviria,* 116 F.3d 1498, 1534 (D.C.Cir.1997) (per curiam), *cert. denied sub nom. Naranjo v. United States,* 522 U.S. 1082, 118 S.Ct. 865, 139 L.Ed.2d 763 (1998); *United States v. Wessels,* 12 F.3d 746, 752 (8th Cir.1993).  No circuit has held to the contrary.

It should further be noted that Walker's reliance on *United States v. Winston,* 37 F.3d 235 (6th

Cir.1994), is misplaced. In *Winston,* the Sixth Circuit held that drug quantities from two separate transactions could not be aggregated to reach the quantity threshold required for application of § 841(b)(1)(A). *See Winston,* 37 F.3d at 240-41. *Winston* would be relevant if Walker was arguing that the district court erred in attributing more than 50 grams of cocaine base to him (the threshold amount application of § 841(b)(1)(A)). But Walker did not raise any objections to the PSI finding that he was responsible for two and one-half kilograms of cocaine base and 300 grams of powder cocaine for this single offense. The district court did not plainly err by using the quantity of drugs specified in the PSI as a basis for sentencing Walker. *See United States v. Hedges,* 175 F.3d 1312, 1315-16 (11th Cir.1999) (holding that the district court did not err in relying on statements in presentence investigative report where the statements were undisputed by the defendant), *cert. denied,* --- U.S. ----, 120 S.Ct. 265, 145 L.Ed.2d 222 (1999).[1] Therefore, the district court's imposed sentence of life imprisonment stands.

## CONCLUSION

We conclude that the district court properly applied 21 U.S.C. § 841(b)(1)(A) in sentencing Walker, as the plain language of the statute dictates the result.

AFFIRMED.

---

[1]This case is also clearly distinguishable from *Apprendi v. New Jersey,* submitted by Walker as supplemental authority supporting his case. --- U.S. ----, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the Supreme Court required that during a jury trial, the government must be made to prove and the jury convict on the factual evidence necessary for a sentence enhancement beyond the statutory maximum. As Walker pled guilty in this case and accepted the contents of the PSI, he lost any right to appeal on the basis of this argument.