**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JUAN MANUEL RIVERA-CONSTANTINO, AKA Juan Rivera-Constantino,
*Defendant-Appellant*.

No. 14-10314

D.C. No.
4:13-cr-01510-CKJ-BGM-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted
May 15, 2015—San Francisco, California

Filed August 19, 2015

Before: Richard A. Paez and Richard R. Clifton, Circuit
Judges and Kevin Thomas Duffy,* District Judge.

Opinion by Judge Clifton;
Dissent by Judge Paez

---

* The Honorable Kevin Thomas Duffy, U.S. District Judge for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Criminal Law

Affirming a sentence for illegal reentry, the panel held that a prior federal conviction for conspiring to possess marijuana with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), constitutes a prior conviction for "conspiring[ ] . . . to commit" a "drug trafficking offense" as that phrase is used in the commentary to U.S.S.G. § 2L1.2(b)(1), thereby making a defendant subject to a 16-level enhancement under § 2L1.2(a)(1)(A).

The panel rejected the defendant's argument that because his prior federal conspiracy conviction did not require an overt act, it was not technically a "conspiracy" within the meaning of § 2L1.2, cmt. n.5. The panel wrote that it need not rely on a generic definition analysis because the plain meaning of § 2L1.2(b)(1) and related commentary is to encompass § 846 as a predicate offense.

Dissenting, Judge Paez would hold that where a prior conspiracy conviction under § 846 does not require proof of an overt act, it does not qualify categorically as a drug trafficking offense for purposes of the § 2L1.2(b)(1)(A)(i) enhancement.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Saul M. Huerta, Tucson, Arizona, for Defendant-Appellant.

Robert L. Miskell, Assistant United States Attorney, and John S. Leonardo, United States Attorney, Tucson, Arizona, for Plaintiff-Appellee.

**OPINION**

CLIFTON, Circuit Judge:

This sentencing appeal requires us to answer the following question: Is a federal drug trafficking conspiracy conviction a conviction for conspiracy to commit a drug trafficking offense?  Or, to put it more precisely, does a prior federal conviction for conspiring to possess marijuana with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), constitute a prior conviction for "conspiring[ ] . . . to commit" a "drug trafficking offense" as that phrase is used in the commentary to section 2L1.2(b)(1) of the Sentencing Guidelines, thereby making a defendant subject to a 16-level sentencing enhancement?  No matter how the question is phrased, the answer, we conclude, is "yes."  We therefore affirm the sentence that Defendant Juan Manuel Rivera-Constantino received and that he now challenges on appeal.

## I.  Background

In 2011, Rivera-Constantino was convicted of conspiracy to possess with intent to distribute approximately 195 kilograms of marijuana, a violation of 21 U.S.C. §§ 846, 841(a)(1).  He was sentenced to 24 months in prison and 36

months of supervised release.  Although Rivera-Constantino was deported to Mexico in 2011, he returned to the United States in August 2013 and was arrested.  In March 2014, a jury found him guilty of one count of illegal reentry, 8 U.S.C. § 1326.  In calculating the advisory range under the Sentencing Guidelines, the district court imposed a 16-level enhancement on the basis that Rivera-Constantino's prior conviction for conspiracy to possess marijuana with intent to distribute was a predicate drug trafficking offense under U.S.S.G. § 2L1.2(b)(1).  Rivera-Constantino objected to the application of this enhancement, but his objection was overruled.  The district court imposed a sentence of 51 months in prison and 36 months of supervised release.  That sentence was within the Guidelines range, including the 16-level enhancement.  This appeal followed.

## II. Discussion

Rivera-Constantino argues that the district court erred when it determined that his prior conviction for conspiracy made him subject to a 16-level sentencing enhancement pursuant to section 2L1.2(b)(1).  We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009).

"U.S.S.G. § 2L1.2 is the Sentencing Guidelines provision applicable to defendants who illegally reenter the country in violation of 8 U.S.C. § 1326.  The sentencing scheme embodied in [section] 2L1.2 imposes, via enhancements to the defendant's base offense level, more severe punishment for defendants who have committed serious prior crimes." *United States v. Rosales-Garcia*, 667 F.3d 1348, 1349 (10th Cir. 2012).    Under   section   2L1.2(b)(1),   a   16-level

enhancement applies "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months . . . ."[1]

According to Application Note 1 for this section, a "'[d]rug trafficking offense'" is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, cmt. n.1(B)(iv) (2014). Application Note 5 further provides that "[p]rior convictions of offenses counted under subsection (b)(1) [a set of offenses that includes, among other things, 'drug trafficking offenses'] include the offenses of aiding and abetting, *conspiring*, and attempting, to commit such offenses." *Id*. at § 2L1.2, cmt. n.5 (emphasis added). "Application notes are binding on the courts in their construction of the Sentencing Guidelines." *United States v.*

---

[1] Section 2L1.2(b)(1)(A) has been memorably described as "a sentence only a grammar teacher could love," with "passive voice, followed by a scraggly expression of time ('previously . . . after'), then a train of prepositional phrases linked one after another and themselves rudely interrupted by a pair of parenthetical punctuations." *Rosales-Garcia*, 667 F.3d at 1356 (Gorsuch, J., dissenting). Fortunately, the basic meaning of the sentence is clear: "[I]f the defendant was deported after a drug-trafficking felony conviction for which the sentence imposed exceeded thirteen months, then apply the 16-level enhancement." Anna Natalie Rol, Comment, *U.S. vs. Them: A Perspective on U.S. Immigration Law Arising from* United States v. Rosales-Garcia *and the Combination of Imprisonment and Deportation*, 90 DENV. U. L. REV. 769, 790 (2012).

*Malley*, 307 F.3d 1032, 1034 (9th Cir. 2002) (citation and internal quotation marks omitted).

Rivera-Constantino's central argument is that his prior conspiracy conviction is not encompassed by the word "conspiring" as used in Application Note 5. His 2011 conviction was for the crime of conspiracy to possess marijuana with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1).[2] This offense—like the overwhelming majority of federal conspiracy offenses—does not require proof of "any overt acts in furtherance of the conspiracy." *United States v. Shabani*, 513 U.S. 10, 15 (1994). In contrast, in *United States v. Garcia-Santana*, 774 F.3d 528 (9th Cir. 2014), we considered the appropriate treatment under a section of the Immigration and Nationality Act ("INA") for a Nevada conviction for "conspiracy to commit the crime of burglary" in violation of NEV. REV. STAT. §§ 199.480, 205.060(1). In that context, we defined the generic offense of conspiracy for purposes of 8 U.S.C. § 1101(a)(43)(U) as requiring an overt act. 774 F.3d at 534. Relying on *Garcia-Santana*, Rivera-Constantino asserts that it was error to impose the sentencing enhancement because his prior federal conspiracy conviction, which did not require an overt act, was not technically a

---

[2] 21 U.S.C. § 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. 841(a)(1), in turn, makes it unlawful "for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." *See United States v. O'Brien*, 52 F.3d 277, 278 (9th Cir. 1995) ("The language of section 846 is clear. A person who conspires to distribute a controlled substance described by section 841(a)(1) is subject to the same penalties prescribed for a section 841(a) offense.").

"conspir[acy]" within the meaning of the word as it was used in Application Note 5.

Rivera-Constantino's argument is creative but unpersuasive. We reject this argument because we do not accept the premise that the generic definition of conspiracy as articulated in *Garcia-Santana* is controlling in this context. Rather, we conclude that the clear intent of the Sentencing Commission in drafting section 2L1.2 and its accompanying commentary was to encompass a prior federal drug conspiracy conviction under 21 U.S.C. § 846.

"We apply the traditional rules of statutory construction when interpreting the [S]entencing [G]uidelines," *United States v. Flores*, 729 F.3d 910, 914 n.2 (9th Cir. 2013), and "[w]e interpret the Guidelines to give effect to the intent of the Sentencing Commission." *United States v. Gibson*, 135 F.3d 257, 261 (2d Cir. 1998). Interpreting a term used in the Guidelines based on its "generic definition"—the approach urged by Rivera-Constantino and discussed in *Taylor v. United States*, 495 U.S. 575 (1990)—represents a useful tool for divining legislative intent. But when the plain meaning of a term is readily apparent from the text, context, and structure of the relevant Guidelines provision and commentary, that meaning is dispositive and there is no need to rely on the "generic definition" framework. *See Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc) (recognizing that it was "unnecessary to survey current criminal law to ascertain a federal definition because Congress has already supplied it"), *overruled on other grounds by United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc) (per curiam), *and abrogated by Descamps v. United States*, 133 S. Ct. 2276 (2013); *cf. United States v. Gonzalez-Corn*, No. 13-50480, 2015 WL 4385278,

at *1, *5 (9th Cir. July 17, 2015) (recognizing that where a "conviction qualifies as an aggravated felony on its face[,] . . . there is no need to compare the elements of [a] conviction to the elements of a generic federal offense . . . to determine if [the] conviction was for an aggravated felony" and concluding that the "categorical matching analysis is inapplicable . . . because there is nothing to match").[3]

Our dissenting colleague suggests that reliance on the federal definition embodied in 21 U.S.C. § 846 would be "inapposite" because "Congress used the word 'conspiracy' both for crimes with an overt act element and for others without such an element" and because "Congress has not supplied a single set of elements that define 'conspiracy' for us to use in interpreting U.S.S.G. § 2L1.2 cmt. n.5." Dissent at 17. But at least with regards to federal drug trafficking conspiracies, Congress surely has provided a single, clear definition: the one articulated in 21 U.S.C. § 846. This, we conclude, was overwhelmingly likely to have been the meaning intended by the Sentencing Commission, notwithstanding the generic meaning of the word "conspiracy" as used in other contexts.

*Taylor* itself is instructive on this point. In *Taylor*, the Supreme Court began by emphasizing that:

> [o]n the face of the federal enhancement
> provision, it is not readily apparent whether

---

[3] In the words of another circuit, we "discern from the language that the Sentencing Commission used whether it intended for an overt act to be an element of every conspiracy conviction," rather than by "employ[ing] the categorical approach to discern the elements of 'conspiracy.'" *United States v. Pascacio-Rodriguez*, 749 F.3d 353, 358 (5th Cir. 2014).

Congress intended "burglary" to mean whatever the State of the defendant's prior conviction defines as burglary, or whether it intended that some uniform definition of burglary be applied to all cases . . . . And if Congress intended that a uniform definition of burglary be applied, was that definition to be the traditional common-law definition, or [a] broader "generic" definition[ ] . . . or some other definition specifically tailored to the purposes of the enhancement statute?

495 U.S. at 580 (footnote omitted).

Here, in contrast, it *is* readily apparent that the Sentencing Commission intended section 2L1.2(b)(1) to encompass as predicate offenses federal drug conspiracy convictions that do not require proof of an overt act. To hold otherwise would be to conclude that the Sentencing Commission intended to exclude federal drug trafficking conspiracy offenses when it used the word "conspiring" to modify the phrase "drug trafficking offenses." Such a result would be not just marginally "underinclusive," as the results of the categorical approach sometimes are, *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1692 (2013), but downright absurd. Why would the Sentencing Commission intend to exclude from the term "drug trafficking offenses" a federal conviction for a drug trafficking offense under federal law? Congress has decided not to require an overt act as an element of federal drug conspiracy, and we have no reason to conclude that the Sentencing Commission intended to abrogate that decision. Indeed, to adopt such an interpretation would run counter to basic notions of common sense. "[I]n the course of the application of the [S]entencing [G]uidelines, as in the

application of any legal concept, the use of 'common sense' is more than just relevant, but required." *United States v. White*, 903 F.2d 457, 462 (7th Cir. 1990). We reject Rivera-Constantino's reading of section 2L1.2(b)(1) because "[c]ourts ought not read the Guidelines in a way that makes the Sentencing Commission look foolish." *United States v. Turner*, 998 F.2d 534, 538 (7th Cir. 1993).

Our interpretation of section 2L1.2(b)(1) is further supported by an examination of the Sentencing Guidelines as a whole. *See United States v. Leal-Felix*, 665 F.3d 1037, 1041–42 (9th Cir. 2011) ("Interpretation of a word or phrase [in a statute] depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." (alteration in original; citation and internal quotation marks omitted)). The term "conspiracy" is used elsewhere in the Guidelines (and associated commentary and appendices) to encompass a conspiracy conviction under 21 U.S.C. § 846. *See, e.g.*, U.S.S.G. § 2D1.1; U.S.S.G. § 2X1.1. "A standard principle of statutory construction provides that identical words and phrases within the same statute should normally be given the same meaning." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007).

Moreover, the two other circuits that have considered this question have both held that the Sentencing Commission intended section 2L1.2(b)(1) to encompass federal drug trafficking conspiracies. The Fifth Circuit has concluded that "[t]here is no reason to search outside the Guidelines for a definition of 'conspiracy' applicable to this enhancement" because "Application Note 5 is a clear statement by the Sentencing Commission that the enhancement applies to

conspiracies to commit federal drug trafficking offenses." *United States v. Rodriguez-Escareno*, 700 F.3d 751, 754 (5th Cir. 2012) (footnote omitted). The Sixth Circuit has similarly held that "[a] violation of § 841(a)(1) is a federal drug trafficking offense as defined in Application Note 1" and that "Application Note 5 . . . clarifies that a conspiracy to commit an offense defined in Note 1 is also a 'drug trafficking offense' for purposes of the Guidelines." *United States v. Sanbria-Bueno*, 549 F. App'x 434, 439 (6th Cir. 2013).

Our prior decision in *Garcia-Santana*, 774 F.3d 528, does not compel a contrary conclusion. In *Garcia-Santana*, we held "that the generic definition of 'conspiracy' under [a provision of] the Immigration and Nationality Act . . . include[d] proof of an overt act in furtherance of the conspiracy." *Id*. at 532. Here, in contrast, we are called upon to interpret the Sentencing Guidelines, not the INA. In addition, the predicate conviction we consider here is a federal offense, not a conviction under state law. Although it is true that "decisional law defining [a] term . . . [used] in the sentencing context . . . is informed by the definition of the same term in the immigration context," *United States v. Medina-Villa*, 567 F.3d 507, 511 (9th Cir. 2009) (citations and footnote omitted), we will not blindly import a definition when the context makes clear that doing so would be inappropriate. The language used in the provision at issue here is materially different from that used in the provision considered in *Garcia-Santana*, and the context is entirely different. *Cf. United States v. Leal-Vega*, 680 F.3d 1160, 1165 (9th Cir. 2012) (noting that "our holdings in the immigration context do not definitively resolve the issue . . . because the text of the immigration statute . . . differs from the text of the Sentencing Guidelines").

We conclude that we need not rely on a generic definition analysis because the plain meaning of section 2L1.2(b)(1) and related commentary is to encompass 21 U.S.C. § 846 as a predicate offense.[4]

## III.    Conclusion

The district court properly determined that the 16-level sentencing enhancement applied to Rivera-Constantino based on his prior federal drug conspiracy conviction. We affirm the sentence.

**AFFIRMED.**

PAEZ, Circuit Judge, dissenting.

I respectfully dissent. The majority attempts to distinguish *United States v. Garcia-Santana*, 774 F.3d 528 (9th Cir. 2014), and to sidestep the *Taylor*[1] categorical approach to hold that a conspiracy conviction under 21 U.S.C. § 846 qualifies categorically as a drug trafficking offense, warranting the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i). Because I would follow

---

[4] We emphasize that our holding is a narrow one. We need not, and do not, consider the meaning of the phrase "conspiring . . . to commit . . . a 'drug trafficking offense'" as it relates to conspiracy convictions under state law, for example. We hold only that, in this context, the plain meaning of the language used by the Sentencing Commission was to encompass a prior federal drug conspiracy conviction under 21 U.S.C. § 846.

[1] *Taylor v. United States*, 495 U.S. 575 (1990).

*Garcia-Santana*, I would hold that where a prior conspiracy conviction under § 846 does not require proof of an overt act, it does not qualify categorically as a drug trafficking offense for purposes of the § 2L1.2(b)(1)(A)(i) enhancement. I therefore would vacate the district court's sentence, and remand for consideration of whether Rivera-Constantino's prior conviction under § 846 warrants an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) as an aggravated felony for "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)," 8 U.S.C. § 1101(a)(43)(B).

**1.** The majority recognizes that we already have defined the generic offense of conspiracy, Maj. Op. at 6 (citing *Garcia-Santana*, 774 F.3d 528), but seeks to avoid applying that definition outside the Immigration and Nationality Act ("INA") context. The majority, however, fails to distinguish meaningfully the U.S.S.G. § 2L1.2(b)(1)(A)(i) and cmt. n.5 enhancement here from the INA provision interpreted in *Garcia-Santana*, 8 U.S.C. § 1101(a)(43)(U). Both refer to a class of prior convictions, both refer generically to conspiracy, and both capture for enhancement purposes or collateral consequences prior offenses under federal or state law. Under the INA, "'aggravated felony' means . . . an attempt or conspiracy to commit an offense described in [§ 1101(a)(43)]." § 1101(a)(43)(U). "The term applies to an offense described in th[at] paragraph whether in violation of Federal or State law . . . ." § 1101(a)(43). And "aggravated felony" includes the offense of "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." § 1101(a)(43)(B).

Reading that INA provision side-by-side with U.S.S.G. § 2L1.2(b)(1)(A)(i) and cmt. n.5 belies the majority's view that the provisions are "materially different," Maj. Op. at 11. Application Note 5 for § 2L1.2 explains: "Prior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." § 2L1.2 cmt. n.5. In turn, subsection (b)(1) refers, in relevant part, to a class of prior convictions: "'Drug trafficking offense' means an offense under federal, state, or local law that prohibits . . . the possession of a controlled substance . . . with intent to . . . distribute, or dispense." § 2L1.2 cmt. n.1(B)(iv). The majority says the two provisions are "materially different," Maj. Op. at 11, but offers no analysis to demonstrate how we should reach that essential conclusion in this case involving an enhancement that refers to generic conspiracy and captures a class of prior convictions.

**2.** Next, the majority disregards our established rule of applying "the categorical and modified categorical approaches described in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether a defendant's prior conviction satisfies U.S.S.G. § 2L1.2(b)(1)(A)," *United States v. Torre-Jimenez*, 771 F.3d 1163, 1165 (9th Cir. 2014) (quoting *United States v. Leal-Vega*, 680 F.3d 1160, 1163 (9th Cir. 2012)) (quotation marks omitted). "We derive the meaning of an enumerated Guidelines crime not from the offense's ordinary meaning but rather by surveying the Model Penal Code and state statutes to determine how they define the offense." *United States v. Esparza-Herrera*, 557 F.3d 1019, 1022 (9th Cir. 2009) (per curiam). In *Garcia-Santana*, we applied "the methodology prescribed by the Supreme Court for defining generic offenses for categorical purposes," to determine that "the generic federal definition of conspiracy,

codified at 8 U.S.C. § 1101(a)(43)(U), conditions conviction on performance of an overt act in pursuit of the conspiratorial objective." 774 F.3d at 534 (footnote omitted). Because § 2L1.2(b)(1)(A)(i) captures prior federal, state, and local offenses for purposes of sentence enhancement and because the text of Application Notes 1(B)(iv) and 5 under § 2L1.2 are not materially distinct from the text interpreted in *Garcia-Santana*, I would conclude that a prior conviction for conspiracy must have an overt act element to qualify categorically as a drug trafficking offense under § 2L1.2(b)(1)(A)(i).

We already have applied this approach to U.S.S.G. § 2L1.2(b)(1)(A). In addition to conspiracy, Application Note 5 includes certain prior attempt offenses. *See* § 2L1.2 cmt. n.5. And "in dealing with attempt crimes, the district court can impose the 16-level enhancement under § 2L1.2(a) only if both the state's definition of 'attempt' and the underlying state offense are categorical matches for the *federal generic 'attempt' definition* and the underlying federal generic offense." *United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1240 (9th Cir. 2014) (emphasis added). Notably, in defining "attempt," *Gonzalez-Monterroso* cited the definition of "attempt" set forth in an INA case involving 8 U.S.C. § 1101(a)(43)(G) & (U). *See* 745 F.3d at 1243; *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1100 (9th Cir. 2011).[2] The majority recognizes the generic definition of

---

[2] *But see United States v. Taylor*, 529 F.3d 1232, 1236 (9th Cir. 2008) ("For purposes of USSG § 4B1.2(a), a state offense qualifies as a crime of violence if the state crime's definition is coextensive with the crime's common-law or 'federal' definition."); *id.* at n.2 ("We use the terms 'federal definition' and 'common-law definition' interchangeably in the context of crimes of violence.").

conspiracy as explained in *Garcia-Santana*, Maj. Op. at 6, but the majority today carves out "conspiracy" from "attempt." Stating that "the [INA or *Garcia-Santana*] context is entirely different," Maj. Op. at 11, does not address the precedent that should guide our interpretation of the conspiracy provision in § 2L1.2 cmt. n.5.

**3.** The majority in footnote 4 states that its holding is a narrow one, but U.S.S.G. § 2L1.2 refers collectively to federal, state, and local predicate offenses without distinguishing federal from state or local offenses. The majority also relies on a Fifth Circuit opinion, *United States v. Rodriguez-Escareno*, 700 F.3d 751 (5th Cir. 2012), and an unpublished Sixth Circuit memorandum, *United States v. Sanbria-Bueno*, 549 F. App'x 434 (6th Cir. 2013) (unpublished), that followed the Fifth Circuit's reasoning. But the Fifth Circuit since has called into question a footnote nearly identical to the majority's footnote 4. *See United States v. Pascacio-Rodriguez*, 749 F.3d 353, 367 (5th Cir. 2014).[3] "[T]here is no basis for concluding that the Sentencing Commission intended to create a dichotomy in § 2L1.2 between conspiracy convictions under federal law and conspiracy convictions under state law." *Id.* Thus, the

---

[3] *Compare* Maj. Op. at 12 n.4 ("We need not, and do not, consider the meaning of the phrase 'conspiring . . . to commit . . . a drug trafficking offense' as it relates to conspiracy convictions under state law, for example." (quotation marks omitted)) *with Rodriguez-Escareno*, 700 F.3d at 754 n.2 ("We imply no position on the relevance of this reasoning to applying the enhancement to convictions for conspiracies to commit state-law offenses.").

majority leaves to future cases the unenviable task of divining how to make today's holding a narrow one.[4]

    **4.**    Separately, because Congress used the word "conspiracy" both for crimes with an overt act element and for others without such an element, our case law that recognizes when Congress "has already supplied [a federal definition]," Maj. Op. at 7 (quoting *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc))[5], is inapposite. Congress has not supplied a single set of elements that define "conspiracy" for us to use in interpreting U.S.S.G. § 2L1.2 cmt. n.5. *Compare* 21 U.S.C. § 846 (not requiring an overt act) *with* 18 U.S.C. § 371 (requiring an overt act). "Parallel federal crimes are probative, but not independently determinative, of the contemporary, generic definition of an offense." *Garcia-Santana*, 774 F.3d at 535.

---

[4] The Fifth Circuit in *Pascacio-Rodriguez* provided alternative bases for its holding that a state conviction for conspiracy to commit murder qualified for a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *Compare id.* at 367–68 *with* Maj. Op. at 8 n.3. The Fifth Circuit explained that "the generic, contemporary meaning of 'conspiracy to commit murder' does not require an overt act" and that the "language and context of § 2L1.2 indicate that an overt act is not required for a conspiracy to commit murder." *Pascacio-Rodriguez*, 749 F.3d at 367–68. Whereas both bases could lead to the same result in the Fifth Circuit, *Garcia-Santana* already has determined the generic federal definition of conspiracy in our circuit. *See Garcia-Santana*, 774 F.3d at 537.

[5] *Cf. United States v. Gonzalez-Corn*, No. 13-50480, slip op. at 4, 9 (9th Cir. July 17, 2015) (declining to apply *Taylor* in reviewing a prior conviction when that conviction's "statutory scheme" was incorporated into the INA, which cross-references 18 U.S.C. § 924(c)(2)).

Focusing on what the majority considers the "overwhelmingly likely" intention of the Sentencing Commission "at least with regards to federal drug trafficking conspiracies," Maj. Op. at 8, disregards *Garcia-Santana* and the structure of the Sentencing Guidelines. Both require us to determine and apply the generic meaning of "conspiracy." *See Garcia-Santana*, 774 F.3d at 535–37 (focusing on "the generic definition of conspiracy"); U.S.S.G. § 2L1.2(b)(1)(A) & cmt. n.5 (requiring application of "conspiring" to not only federal, state, and local drug trafficking offenses, but also to crimes of violence, firearms offenses, child pornography offenses, national security offenses, human trafficking offenses, and alien smuggling offenses).[6] Although the categorical approach at times is underinclusive, *cf. Garcia-Santana*, 774 F.3d at 539, we are obligated to follow *Taylor*,

---

[6] The authors of *Federal Sentencing Law and Practice* have observed:

[The Fifth Circuit's statement, "There is no reason to search outside the Guidelines for a definition of 'conspiracy' applicable to this enhancement. Application Note 5 is a clear statement by the Sentencing Commission that the enhancement applies to conspiracies to commit federal drug trafficking offenses"] seems to sidestep the issue raised by the defendant,—what does "conspiracy" mean as used in application note 5? Although a conviction for conspiracy under 21 U.S.C. § 846 does not require proof of an overt act, the general conspiracy offense in 18 U.S.C.A. § 371 does. Application note 5 is not limited to conspiracy to commit a drug trafficking offense; it also encompasses conspiracy to commit a crime of violence and other offenses that would be prosecuted under 18 U.S.C. § 371.

Thomas W. Hutchison et al., *Federal Sentencing Law and Practice* § 2L1.2 n.300 (quoting *Rodriguez-Escareno*, 700 F.3d at 754).

*Garcia-Santana*, and other relevant precedent in interpreting the enhancement provisions in § 2L1.2, including conspiracy offenses. *Garcia-Santana* defined generic federal conspiracy, and, I would apply it here.

Further, the majority cites *United States v. Shabani*, 513 U.S. 10 (1994), to buttress its holding. However, we already have distinguished *Shabani* as one of "a line of Supreme Court cases interpreting 'conspiracy' as used in specific federal criminal statutes, rather than in the generic federal conspiracy statute." *Garcia-Santana*, 774 F.3d at 537 (citing *Shabani*, among other cases). "[T]hose cases explain how courts should interpret federal statutes criminalizing conspiracies." *Id.* at 538. But provisions that assign "collateral consequences . . . to convictions from *all* jurisdictions, not merely to federal convictions," *id.*, are distinct.

**5.** Finally, following *Garcia-Santana* and *Taylor* yields a result consistent with the purpose and structure of the Sentencing Guidelines. First, a prior conspiracy conviction that lacks an overt act requirement still may constitute an aggravated felony and trigger an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C), alleviating concerns about underinclusiveness. *See Garcia-Santana*, 774 F.3d at 539 n.9; § 2L1.2(b)(1)(C) ("a conviction for an aggravated felony, increase by 8 levels"). Second, reading in context other references in the Guidelines to "conspiracy" demonstrates that they are meaningfully distinct from § 2L1.2(b)(1)(A)(i). The majority cites U.S.S.G. § 2D1.1, "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy," and U.S.S.G. § 2X1.1, "Attempt, Solicitation, or Conspiracy (Not Covered by a

Specific Offense Guideline)." *See* Maj. Op. at 10. Yet both reference specific federal statutes, not generic local, state, and federal offenses. *See, e.g.*, U.S.S.G. § 2D1.1 (referencing, for instance, convictions under § 841(b)(1)A)); U.S.S.G. § 2X1.1 cmt. (listing statutory provisions, including 18 U.S.C. §§ 371, 372, 2271, 2282A, 2282B). And the title of § 2D1.1 lists "Attempt or Conspiracy" after a semicolon that follows a listing of drug offense types. By contrast, Application Notes 1(B)(iv) and 5 under § 2L1.2 lack any such cross-references to federal statutes and apply to more than just drug trafficking offenses. *See* U.S.S.G. § 2L1.2(b)(1)(A) (including crimes of violence, firearms offenses, child pornography offenses, national security offenses, human trafficking offenses, alien smuggling offenses, in addition to drug trafficking offenses). In sum, following *Garcia-Santana* and *Taylor* to define generic conspiracy recognizes the purpose and structure of the Sentencing Guidelines.

For these reasons, I would reverse Rivera-Constantino's sentence and remand with directions to the district court to consider in the first instance whether his prior conspiracy conviction under § 846 warrants an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) as an aggravated felony.