**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50088 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00567-AHM-4 |
| v. | |
| MICHAEL ANTHONY TORRES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50095 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00567-AHM-2 |
| v. | |
| CESAR MUNOZ GONZALEZ, AKA Blanco, AKA Cesar Gonzalez, AKA Ricardo Martines, AKA Ricardo O. Martinez, AKA Ricardo Martinez-Osorio, AKA Osorio Ricardo, | |
| Defendant - Appellant. | |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| UNITED STATES OF AMERICA, | No. 13-50102 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00567-AHM-1 |
| v. | |
| RAFAEL MUNOZ GONZALEZ, AKA "C", AKA Cisco, AKA Homeboy, AKA Big Homie, | |
| Defendant - Appellant. | |

| UNITED STATES OF AMERICA, | No. 13-50107 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00567-AHM-3 |
| v. | |
| ABRAHAM ALDANA, AKA Listo, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Alvin Howard Matz, District Judge, Presiding

Argued and Submitted March 8, 2016
Submission Vacated September 27, 2016
Resubmitted September 6, 2017
Pasadena, California

Before: CLIFTON and IKUTA, Circuit Judges and BLOCK,[**] Senior District Judge.

Rafael Munoz Gonzalez, Cesar Munoz Gonzalez, Abraham Aldana, and Michael Torres appeal their convictions and sentences for racketeering, 18 U.S.C. § 1962, drug trafficking conspiracy, 21 U.S.C. § 846, and related offenses.[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The district court's *Pinkerton* jury instructions did not violate the common law or due process. Our cases establish that "[c]onvictions for the use of firearms during the commission of certain felonies pursuant to 18 U.S.C. § 924 may be supported under a conspiracy theory." *United States v. Johnson*, 444 F.3d 1026, 1029 (9th Cir. 2004); *see also United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1203 (9th Cir. 2000). Nor did the *Pinkerton* instructions offend due process because there was a strong link between the defendants' drug trafficking conspiracy and the § 924(c) firearms offense. *Cf. United States v. Castaneda*, 9 F.3d 761, 765 (9th Cir. 1993) (holding that due process limits *Pinkerton* liability only in situations "where the relationship between the defendant and the substantive offense is slight"), *overruled on other grounds by United States v.*

_____

[**] The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

[1] We address several of the defendants' claims in a concurrently filed opinion. *See United States v. Torres*, — F.3d — (9th Cir. 2017).

3

*Nordby*, 225 F.3d 1053 (9th Cir. 2000). Similarly, the district court did not err in giving Ninth Circuit Model Criminal Jury Instruction 8.25 because under the circumstances of this case, a reasonable jury could not have been misled by the use of the words "action or actions" instead of the word "crime." Finally, the district court did not plainly err in using the term "overall conspiracy" without additional clarification in the special verdict form for Count Seven.

The district court likewise did not err in declining to dismiss the indictment for outrageous government conduct. Even if there was error resulting from erroneous testimony before the grand jury, such error was "rendered harmless by the [guilty] verdict." *United States v. Navarro*, 608 F.3d 529, 540 (9th Cir. 2010) (relying on *United States v. Mechanik*, 475 U.S. 66, 73 (1986)).

The district court did not err in concluding that Rafael Munoz Gonzalez was subject to a mandatory minimum life sentence based on his conviction under 21 U.S.C. § 846. Notwithstanding the omission of § 846 from the triggering offenses enumerated in 21 U.S.C. § 841(b)(1)(A), we have held that "[a] person who conspires to distribute a controlled substance . . . is subject to the sentence enhancements provided by" 21 U.S.C. § 841(b)(1)(A). *United States v. O'Brien*, 52 F.3d 277, 278 (9th Cir. 1995). We reject Rafael Munoz Gonzalez's argument

that *O'Brien*'s holding regarding § 846 is mere dicta because addressing the § 846 issue was a necessary component of the decision. *Id.* at 277–78.

The district court likewise did not err in holding that Rafael Munoz Gonzalez's prior convictions qualified as "felony drug offenses" triggering an enhanced mandatory minimum sentence under § 841(b). Title 21 defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Rafael Munoz Gonzalez's 1990 conviction under 21 U.S.C. § 846 was punishable by more than one year of imprisonment and clearly involved conduct related to narcotics, as his agreement to distribute illegal narcotics was itself an act satisfying the "conduct" requirement. *See United States v. Shabani*, 513 U.S. 10, 16 (1994). His conviction under section 11378 of the California Health and Safety Code for possession of methamphetamine with intent to sell likewise qualifies as a felony

drug offense even if we apply the categorical approach.[2]  Section 11378 is a

divisible statute subject to the modified categorical approach, *United States v.*

*Ocampo-Estrada*, No. 15-50471, — F.3d —, 2017 WL ___, slip op. at *14 (9th

Cir. Aug. 29, 2017), and is punishable by more than one year in prison, *see* Cal.

Penal Code § 1170(h)(1).  The criminal complaint and electronic docket sheet from

Rafael Munoz Gonzalez's 2000 conviction establish that he was subject to a final

conviction for possessing methamphetamine for sale.  *See United States v. Torre-*

*Jimenez*, 771 F.3d 1163, 1167–69 (9th Cir. 2014) (applying the modified

categorical approach to a divisible statute).  Because the federal definition of

"felony drug offense" includes methamphetamine as a controlled substance, *see* 21

U.S.C. § 802(9)(B), (44), Rafael Munoz Gonzalez's specific offense of conviction

involves conduct entirely encompassed by the federal definition.  Accordingly,

Rafael Munoz Gonzalez's state conviction qualifies as a "felony drug offense"

under § 841(b).

---

[2] Though both parties argue that the categorical approach applies when determining whether a prior conviction is a "felony drug offense" under § 841, we have never held in a published opinion that it applies in this context.  Though we need not reach the issue, we note that the categorical approach may be a poor fit for sentencing determinations under 21 U.S.C. § 851, which sets up a statutory, trial-like procedure for determining whether the defendant has a prior conviction for a "felony drug offense."

The district court did not plainly err in holding that Rafael Munoz Gonzalez's VICAR convictions, 18 U.S.C. § 1959(a), under Counts Five and Six did not violate the double jeopardy clause. Gonzalez's convictions did not arise from "the same act or transaction," *see Blockburger v. United States*, 284 U.S. 299, 304 (1932), because they arose from separate conspiracies to assault and murder rival gang members. Gonzalez's convictions likewise did not arise from the same conduct. *See United States v. Lynn*, 636 F.3d 1127, 1136–37 (9th Cir. 2011).

Cesar Munoz Gonzalez's Confrontation Clause rights were not violated by his inability to cross examine the government fingerprint expert at sentencing. "[T]he law on hearsay at sentencing is still what it was before [*Crawford v. Washington*, 541 U.S. 36 (2004)]: hearsay is admissible at sentencing, so long as it is accompanied by some minimal indicia of reliability." *United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006) (internal quotation marks omitted); *see also Williams v. New York*, 337 U.S. 241, 246 (1949). Here, the testimony offered by the government confirmed that the fingerprint exhibits submitted by the government were sufficiently reliable to satisfy due process.

Cesar Munoz Gonzalez's sentencing hearing was neither procedurally nor substantively unreasonable. The district court did not abuse its discretion in concluding that the government had established the existence of Gonzalez's prior

convictions, and applied the correct standard of proof in determining that the government had established the prior convictions beyond a reasonable doubt. Cesar Munoz Gonzalez's life sentence also was not substantively unreasonable because the district court imposed the statutory mandatory minimum. *See United States v. Wipf*, 620 F.3d 1168, 1170–71 (9th Cir. 2010).

The district court did not err in denying Aldana's motion to suppress the evidence recovered from the search of his residence. The warrant authorizing the search was supported by probable cause, *see Dawson v. City of Seattle*, 435 F.3d 1054, 1062 (9th Cir. 2006), because there was direct evidence indicating that Aldana was involved in the murder that triggered the investigation. The passage of time between the murder and the search does not render the warrant invalid because the "facts and circumstances taken as a whole gave the [issuing court] probable cause to believe that the desired items would be found in the search." *United States v. Reid*, 634 F.2d 469, 473 (9th Cir. 1980). And even if the affidavit supporting the warrant contained misleading omissions, Aldana failed to make a "substantial preliminary showing" that the omissions were intentional or reckless or that the affidavit would not have demonstrated probable cause if the omitted statements were included. *See United States v. Meling*, 47 F.3d 1546, 1553 (9th Cir. 1995). Because the warrant was valid, the government's seizure of items that

were not mentioned in the warrant was valid under the plain view doctrine. *Washington v. Chrisman*, 455 U.S. 1, 5–6 (1982).

Lastly, the district court did not commit procedural error by denying Aldana's request to reduce his sentence based on discharged terms of imprisonment. At the time he was sentenced, Aldana was ineligible for a reduction under § 5G1.3 of the Sentencing Guidelines because his prior offense did not "result[] in an increase in the . . . offense level for the instant offense." U.S.S.G. § 5G1.3, cmt. n.2(A) (2010). The Presentence Report based Aldana's offense level calculation on prior assault convictions that were unrelated to any aspect of this case, and the district court adopted that calculation. *See United States v. Scott*, 642 F.3d 791, 801 (9th Cir. 2011).

**AFFIRMED**.